Hon. James L. Robart
U.S. District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN WORTHINGTON,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>WASHINGTON STATE ATTORNEY GENERAL'S OFFICE, et al.,<br><br>　　　　　　　　Defendants. | NO.  C10-0118 JLR<br><br>REPLY OF PIERCE COUNTY AND SHERIFF PASTOR, TACOMA AND CHIEF RAMSDELL, PUYALLUP AND CHIEF COLLYER, BONNEY LAKE AND CHIEF MITCHELL, PORT ORCHARD AND CHIEF TOWNSEND, POULSBO AND CHIEF DORAN TO PLAINTIFF'S OPPOSITION TO MOTION FOR A MORE DEFINITE STATEMENT<br><br>NOTING DATE:  FEBRUARY 19, 2010 |

## I.   INTRODUCTON

After defendants filed their Federal Rule of Civil Procedure 12(e) motions for a more definite statement,[1] plaintiff made numerous filings -- many of which he has now withdrawn.  See

---

[1] The motion of defendants Pierce County and its Sheriff Paul Pastor, City of Tacoma and its Police Chief Don Ramsdell, City of Puyallup and its Chief of Police Jim Collyer, City of Bonney Lake and its Chief of Police Michael Mitchell, City of Port Orchard and its Chief of Police Al Townsend, City of Poulsbo and its Chief of Police Jeff Doran concerned the initial complaint plaintiff served on some of them.  See Dkt. # 11.  A similar motion was also filed by defendants Washington State Attorney General's Office, the Department of Community, Trade, and Economic Development, the Washington State Patrol, Washington State Military Department, Christine O. Gregoire, Robert M. McKenna, Martha Choe, Nancy Ousley, Paul Perz, John Batiste, Fred Bjornberg, Tim Lowenberg (hereinafter "State Defendants") and the City of Bremerton, Roy Alloway and Craig Rogers (hereinafter "City of Bremerton Defendants") concerning the amended complaint that had been served solely on them.  See Dkt. # 10.  However, some of the moving defendants, such as the City of Tacoma and Sheriff Pastor, have not been properly

REPLY OF PIERCE COUNTY AND SHERIFF PASTOR, TACOMA AND CHIEF RAMSDELL, PUYALLUP AND CHIEF COLLYER, BONNEY LAKE AND CHIEF MITCHELL, PORT ORCHARD AND CHIEF TOWNSEND, POULSBO AND CHIEF DORAN TO PLAINTIFF'S OPPOSITION TO MOTION FOR A MORE DEFINITE STATEMENT - 1
jwxmfmdsrto1.doc
USDC WAWD No C10-0118 JLR

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

Dkt. #'s 13-16. Nevertheless, plaintiff's own remaining documents concede that a more definite statement was necessary to "address the shortcomings in his complaint before a response has been made to his pleading" but that after receiving "qualified legal advice on amending his complaint" he has filed yet another proposed amendment supposedly containing "corrections which would make it more difficult to file a motion to dismiss." Dkt. # 20, p. 2. On this ground, plaintiff opposes a more definite statement now because the "charges" in his newly proposed "4th Amended Complaint" supposedly have "been clarified" to disclose the "civil conspiracy to undermine the plaintiff's rights under the Washington State medical marijuana law" and "the where, when and why" it was allegedly "applied to the plaintiff," as well as the "details of who committed the alleged retaliation" and the "where, when and why it was allegedly committed." Dkt. #23, pp. 2-3. However, an examination of the most recently proposed amendment demonstrates otherwise.

The 79 pages of the plaintiff's ever growing proposed complaint is nothing near "a short and plain statement of claim" as required by FRCP 8(a)(2). Compare id, pp. 1-7 with Dkt. # 21. As shown below, plaintiff's assertion that "defendants should be required to answer the 4thrd[sic] amended complaint," Dkt. # 23, p. 7, is both contrary to law and unworkable. Accordingly, in light of the now 79 -- rather than 50 -- page complaint, an order requiring plaintiff to cure the still present defects is more necessary than ever.

## II.   ANALYSIS

A.   THE FOURTH AMENDED COMPLAINT STILL LACKS NECESSARY FACTUAL ALLEGATIONS

Though the newest proposed complaint alleges that "participating agencies" of "West Net" and "TNET" supposedly "conducted a raid of his medical marijuana grow as a retaliatory act"

---

served at all and specifically reserved their right to assert insufficient service of process and all related defenses either in a FRCP 12(b) motion or in their answers. See Dkt # 11 p. 2 n. 2.

REPLY OF PIERCE COUNTY AND SHERIFF PASTOR, TACOMA AND CHIEF RAMSDELL, PUYALLUP AND CHIEF COLLYER, BONNEY LAKE AND CHIEF MITCHELL, PORT ORCHARD AND CHIEF TOWNSEND, POULSBO AND CHIEF DORAN TO PLAINTIFF'S OPPOSITION TO MOTION FOR A MORE DEFINITE STATEMENT - 2
jwxmfmdsrto1.doc
USDC WAWD No C10-0118 JLR

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

against him, Dkt. # 21 p. 3 ¶ 2, nowhere in his almost 80 page complaint does plaintiff allege that the moving municipalities or their law enforcement officials in any way were even present at -- much less participated in the planning or execution of -- that raid.

1. No Allegations Are Made Against Pierce County or Its Sheriff Concerning Plaintiff

The closest the "4th Amended Complaint" comes to alleging "specific acts" as to the Pierce County defendants is to claim that: 1) Pierce County is one of the "members of Tahoma Narcotics Enforcement Team (TNET)" whose officials "helped create the TNET interlocal agreement" and whose Sheriff's Deputies "were a part of TNET"; 2) Sheriff Pastor somehow "signed an agreement for the Pierce County Sheriff's office employees assigned to TNET to secede from Washington" and as "supervisor of Pierce county Sheriff departments [sic] TNET participating members … had de facto control over Pierce County Sheriff departments [sic] participating members of TNET"; and 3) unnamed Sheriff's Deputies in some unidentified way "participated in a civil conspiracy to undermine the Washington State medical marijuana law and the retaliation against Worthington …." See id., p. 22 ¶ 36-p. 24 ¶ 38.  Hence, on its face the newest proposed complaint at best only alleges that Pierce County and its Sheriff are liable for the raid on plaintiff because unidentified Deputy Sheriffs in some unspecified way were part of a conspiracy to retaliate against him.

2. No Allegations Are Made Against Tacoma or Its Police Chief Concerning Plaintiff

Plaintiff's proposed "4th Amended Complaint" suffers from the same factual deficiencies as the prior proposed amendments.  While plaintiff continues to assert each of his seventeen (17) causes of action against the Tacoma defendants, the only specific conduct attributed to the Tacoma defendants is participation in TNET.  See Dkt. 21, paragraphs 33-35.  And while plaintiff continues to insist that Tacoma and its Police Chief, Don Ramsdell, participated in some alleged con-

REPLY OF PIERCE COUNTY AND SHERIFF PASTOR, TACOMA AND CHIEF RAMSDELL, PUYALLUP AND CHIEF COLLYER, BONNEY LAKE AND CHIEF MITCHELL, PORT ORCHARD AND CHIEF TOWNSEND, POULSBO AND CHIEF DORAN TO PLAINTIFF'S OPPOSITION TO MOTION FOR A MORE DEFINITE STATEMENT - 3
jwxmfmdsrto1.doc
USDC WAWD No C10-0118 JLR

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

spiracy to deprive him of what he sees to be his "right" to medical marijuana, he has provided absolutely no factual basis for his claims. Membership in TNET is neither legally nor factually sufficient to support plaintiff's claims, and without further factual support, Tacoma and Chief Ramsdell cannot meaningfully respond to plaintiff's claims.

    3.    No Allegations Are Made Against Bonney Lake, Puyallup, or their Chiefs of Police Concerning Plaintiff

The closest the "4th Amended Complaint" comes to alleging "specific acts" as to the Bonney Lake and Puyallup defendants is to claim that: 1) Bonney Lake and Puyallup are "members of Tahoma Narcotics Enforcement Team (TNET)" whose officials "helped create the TNET interlocal agreement" and whose officers "were a part of TNET"; 2) Chief Mike Mitchell and Chief Jim Collyer somehow "signed an agreement for the Bonney Lake and Puyallup Police to secede from Washington" and "had de facto control over Bonney Lake and Puyallup participating members of TNET" and "is responsible for officially adopting and promulgating a policy statement to confiscate Worthington's medical marijuana"; and 3) unnamed officers in some unidentified way "participated in a civil conspiracy to undermine the Washington State medical marijuana law and the retaliation against Worthington …." See id., pp. 17-19.

Hence, on its face the newest proposed complaint at best only alleges that Bonney Lake and Puyallup and their Chiefs of Police are liable for the raid on plaintiff because unidentified officers in some unspecified way were part of a conspiracy to retaliate against him.

    4.    No Allegations Are Made Against Port Orchard, Poulsbo, or Their Chiefs of Police Concerning Plaintiff

Similarly, plaintiff does not allege any facts about Port Orchard, Poulsbo, Chief Townsend, or Chief Doran that provide specific notice of the basis of plaintiff's claims against these defendants. Plaintiff merely alleges that Port Orchard and Poulsbo are members of West Sound Narcot-

REPLY OF PIERCE COUNTY AND SHERIFF PASTOR, TACOMA AND CHIEF RAMSDELL, PUYALLUP AND CHIEF COLLYER, BONNEY LAKE AND CHIEF MITCHELL, PORT ORCHARD AND CHIEF TOWNSEND, POULSBO AND CHIEF DORAN TO PLAINTIFF'S OPPOSITION TO MOTION FOR A MORE DEFINITE STATEMENT - 4
jwxmfmdsrto1.doc
USDC WAWD No C10-0118 JLR

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713

ics Enforcement Team (WESTNET), and that the Port Orchard and Poulsbo defendants are responsible for creating, signing, and enforcing the West Net interlocal agreement which illegally regulates medical marijuana practice by establishing a 27 marijuana plant limit.  Id., p. 15, ¶ l. 2 – p. 16, ¶ 16; p. 16, ¶s 17 – p. 18, ¶ 11.  Plaintiff also alleges that the Port Orchard and Poulsbo defendants retaliated against him, illegally regulated medical practice, nullified plaintiff's First, Fourth, Eighth, and Fourteenth Amendment rights, violated HIPPA, violated the Posse Comitatus Act, and violated other Washington State laws.  Id.  Finally, plaintiff alleges that the City Council of Poulsbo had a representative on the WESTNET policy board which approved the 27 medical marijuana plant limit.  Id., p. 17, ll. 6-9.  Plaintiff does not identify any specific actions taken by Port Orchard or Poulsbo employees with respect to him or the proximate cause of his alleged damages.  This Court should therefore order that that plaintiff file a more definite, short, and plain statement alleging specific factual allegations against each moving defendant.

### III.   ANALYSIS

The aforementioned defects remain in the proposed amendment even though defendants previously expressly noted these problems and that Federal Rule of Civil Procedure 12(e) authorizes "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  See also Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.")  As was previously the case with all of plaintiff's earlier complaints, these moving defendants still lack enough information to be able to frame a response and -- because Rule 12(e) is given greater deference in requiring a plaintiff to state more fully matters relating to possible threshold defenses, 5A Wright & Miller, Federal Practice and Procedure, §

REPLY OF PIERCE COUNTY AND SHERIFF PASTOR, TACOMA AND CHIEF RAMSDELL, PUYALLUP AND CHIEF COLLYER, BONNEY LAKE AND CHIEF MITCHELL, PORT ORCHARD AND CHIEF TOWNSEND, POULSBO AND CHIEF DORAN TO PLAINTIFF'S OPPOSITION TO MOTION FOR A MORE DEFINITE STATEMENT - 5
jwxmfmdsrto1.doc
USDC WAWD No C10-0118 JLR

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

1377, p. 595 & 610 (1990) -- the Courts continue to recognize that:

> [A] lack of factual specificity in a complaint prevents the defendant from framing a fact-specific qualified immunity defense, which, in turn, precludes the district court from engaging in a meaningful qualified immunity analysis. The appropriate remedy is the granting of a defense motion for a more definite statement under Federal Rule 12(e).

<u>Thomas v. Independence Township.</u>, 463 F.3d 285, 289 (3rd Cir. 2006).

Here plaintiff's newest proposed complaint now alleges 17 "counts" which he claims give rise to various injuries yet <u>still</u> fails to allege when, where, or how <u>each moving defendant</u> municipality or its officials actually <u>acted to harm him</u>, and how those unidentified acts gave rise to <u>his</u> supposed injuries. These movants are therefore unaware of what is being alleged <u>they</u> actually did, which of <u>their</u> alleged acts or failures to act supposedly affected plaintiff, when these unidentified acts or omissions occurred, or which -- if any -- of <u>its</u> officials allegedly committed them. Without such information, defendant governmental entities and their officials cannot gauge all their threshold defenses -- such as the statute of limitations or immunity. Though plaintiff argues without authority that such a basic request somehow concerns "the fact finding stage of the complaint," Dkt. # 23, p. 7, this is in fact directly contrary to law because -- among other things -- it ensures that "Individual Defendants who may be immune from suit must engage in discovery and succumb to the other burdens of litigation, all the while forgoing the very protections afforded by qualified immunity." <u>Thomas</u>, 463 F.3d at 300.

Though plaintiff concedes the goal of his amendment is to "make it more difficult to file a motion to dismiss," Dkt. # 20, p. 2, the law also requires his complaint make his claim clear so that defendants can make a determination as to whether the allegations give rise to a motion to dismiss for failure to state a claim or a summary judgment motion. Wright & Miller, <u>supra</u> at 597. As a matter of law, these moving defendants must be provided with fair notice of the grounds for

REPLY OF PIERCE COUNTY AND SHERIFF PASTOR, TACOMA AND CHIEF RAMSDELL, PUYALLUP AND CHIEF COLLYER, BONNEY LAKE AND CHIEF MITCHELL, PORT ORCHARD AND CHIEF TOWNSEND, POULSBO AND CHIEF DORAN TO PLAINTIFF'S OPPOSITION TO MOTION FOR A MORE DEFINITE STATEMENT - 6
jwxmfmdsrto1.doc
USDC WAWD No C10-0118 JLR

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713

plaintiff's claim, Resolution Trust Corp. v. Blasdell, 154 F.R.D. 675, 690 (1993), and plaintiff's blanket vague core allegation of some unspecified "conspiracy" against him is simply inadequate as a matter of law.  See e.g. Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989) (conclusory allegations of a conspiracy do not support a section 1983 claim); Lockary v. Kayfetz, 587 F.Supp. 631 (D.Cal.1984) (allegations of conspiracy must be supported by material facts, not merely conclusory statements).  Similarly, plaintiff simply ignores Resolution Trust Corp. -- an action also alleging, among other things, "negligence," compare Dkt. # 21 at 65-66 -- where the court held a plaintiff's pleadings must at least provide:

> (1) The date or dates of each transaction, (2) the identity of the persons or entities involved in each transaction, (3) a brief statement regarding the unsafe or unsound nature of the transaction, and (4) identity of the defendants alleged to be involved in each transaction.

Resolution Trust Corp. at 690.  See also Rose v. Kinevan, 115 F.R.D. 250 (D.Colo. 1987) (plaintiff in negligence claim required to file a more definite statement in order to enable a determination as to the applicability of the statute of limitations and the doctrine of privilege by indicating which claims were applicable to which defendant, and the dates of the events alleged to have given rise to the claim).

   Plaintiffs' proposed complaint has 79 pages of allegations but does not specify such basic issues as the specific acts or omissions alleged to constitute conspiracy or negligence by these moving defendants as to him -- much less their time, dates, causation, or persons involved.  These moving defendants cannot properly respond to plaintiff's newest proposed amendment because they have not been provided with fair notice of the basic grounds of the claims against them.

### IV.   CONCLUSION

   For the above stated reasons, Pierce County and its Sheriff Paul Pastor, City of Tacoma and its Police Chief Don Ramsdell, City of Puyallup and its Chief of Police Jim Collyer, City of

REPLY OF PIERCE COUNTY AND SHERIFF PASTOR, TACOMA AND CHIEF RAMSDELL, PUYALLUP AND CHIEF COLLYER, BONNEY LAKE AND CHIEF MITCHELL, PORT ORCHARD AND CHIEF TOWNSEND, POULSBO AND CHIEF DORAN TO PLAINTIFF'S OPPOSITION TO MOTION FOR A MORE DEFINITE STATEMENT - 7
jwxmfmdsrto1.doc
USDC WAWD No C10-0118 JLR

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

Bonney Lake and its Chief of Police Michael Mitchell, City of Port Orchard and its Chief of Police Al Townsend, City of Poulsbo and its Chief of Police Jeff Doran, continue to request an order requiring plaintiff make a more definite, as well as "short and plain," statement of his claim against them so that they can either form a responsive pleading or move to dismiss for failure to state a claim.

Respectfully submitted this 19th day of February, 2010.

| | |
|---|---|
| MARK LINDQUIST<br>Pierce County Prosecuting Attorney | ELIZABETH A. PAULI<br>City Attorney |
| By  s/ DANIEL R. HAMILTON<br>DANIEL R. HAMILTON<br>State Bar Number 14658<br>Pierce County Prosecutor / Civil<br>955 Tacoma Avenue South, Suite 301<br>Tacoma, WA  98402-2160<br>Ph: 253-798-7746 / Fax: 253-798-6713<br>E-mail: dhamilt@co.pierce.wa.us | By  s/ JEAN P. HOMAN<br>JEAN P. HOMAN<br>State Bar Number 27084<br>Tacoma City Attorney's Office<br>747 Market Street, Suite 1120<br>Tacoma, WA  98402-3701<br>PH:  253-591-5629 / FAX:  253-591-5755<br>Email:  homan@cityoftacoma.org |
| KEATING BUCKLIN & McCORMACK, INC | CHRISTIE LAW GROUP PLLC |
| By  s/ STEWART A. ESTES<br>STEWART A. ESTES<br>State Bar Number 15535<br>800 Fifth Avenue, Suite 4141<br>Seattle, WA  98104-3175<br>PH: 206-623-8861 / FAX:  206-223-9423<br>Email:  sestes@kbmlawyers.com | By:  s/ ROBERT L. CHRISTIE<br>ROBERT L. CHRISTIE<br>State Bar Number 10895<br>2100 Westlake Avenue North, Suite 206<br>Seattle, WA  98109<br>PH: 206-957-9669 / FAX 206-352-7875<br>Email:  bob@christielawgroup.com |

REPLY OF PIERCE COUNTY AND SHERIFF PASTOR, TACOMA AND CHIEF RAMSDELL, PUYALLUP AND CHIEF COLLYER, BONNEY LAKE AND CHIEF MITCHELL, PORT ORCHARD AND CHIEF TOWNSEND, POULSBO AND CHIEF DORAN TO PLAINTIFF'S OPPOSITION TO MOTION FOR A MORE DEFINITE STATEMENT - 8
jwxmfmdsrto1.doc
USDC WAWD No C10-0118 JLR

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

# CERTIFICATE OF SERVICE

On February 19, 2010, I hereby certify that I electronically filed the foregoing REPLY OF PIERCE COUNTY AND SHERIFF PASTOR, TACOMA AND CHIEF RAMSDELL, PUYALLUP AND CHIEF COLLYER, BONNEY LAKE AND CHIEF MITCHELL, PORT ORCHARD AND CHIEF TOWNSEND, POULSBO AND CHIEF DORAN TO PLAINTIFF'S OPPOSITION TO MOTION FOR A MORE DEFINITE STATEMENT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Cheryl Fandel Carlson**
  ccarlson@ci.puyallup.wa.us

- **Robert Leslie Christie**
  bob@christielawgroup.com,jason@christielawgroup.com,ann@christielawgroup.com, tom@christielawgroup.com,robertchristie@mac.com,maureen@christielawgroup.com

- **Stewart Andrew Estes**
  sestes@kbmlawyers.com,cgraham@kbmlawyers.com

- **Jean Pollis Homan**
  jhoman@ci.tacoma.wa.us

- **Mark Edwin Koontz**
  mark.koontz@ci.bremerton.wa.us,thelma.swem@ci.bremerton.wa.us,leighann.denton@ci.bremerton.wa.us

- **Allison Margaret Stanhope**
  allisonc@atg.wa.gov,julien@atg.wa.gov,torseaef@atg.wa.gov,stephanied1@atg.wa.gov

- **John Worthington**
  worthingtonjw2u@hotmail.com

                                                                                        s/ CHRISTINA M. SMITH
                                                                                        CHRISTINA M. SMITH
                                                                                        Legal Assistant
                                                                                        Pierce County Prosecutor's Office
                                                                                        Civil Division, Suite 301
                                                                                        955 Tacoma Avenue South
                                                                                        Tacoma, WA 98402-2160
                                                                                        Ph: 253-798-7732 / Fax: 253-798-6713

REPLY OF PIERCE COUNTY AND SHERIFF PASTOR, TACOMA AND CHIEF RAMSDELL, PUYALLUP AND CHIEF COLLYER, BONNEY LAKE AND CHIEF MITCHELL, PORT ORCHARD AND CHIEF TOWNSEND, POULSBO AND CHIEF DORAN TO PLAINTIFF'S OPPOSITION TO MOTION FOR A MORE DEFINITE STATEMENT - 9
jwxmfmdsrto1.doc
USDC WAWD No C10-0118 JLR

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713