THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN WORTHINGTON,

                            Plaintiff,

      v.

WASHINGTON STATE ATTORNEY
GENERALS OFFICE et al, CHRISTINE
GREGOIRE, ROB MCKENNA both
individual and official capacity of the
WASHINGTON STATE ATTORNEY
GENERALS OFFICE, CITY OF BONNEY
LAKE et al, a municipal corporation;
MICHAEL MITCHELL, Bonney Lake Chief
of Police, in his individual and official
capacity, Bonney Lake Police Officers, in their
individual and official capacities; CITY OF
BREMERTON et al,  a municipal corporation,
CRAIG ROGERS, Bremerton Chief of Police,
in his individual and official capacity; ROY
ALLOWAY, Bremerton Police Officer, in his
individual and official capacity; CITY OF
PORT ORCHARD et al, a municipal
corporation ,AL TOWNSEND, Port Orchard
Chief of Police, in his individual and official
capacity, CITY OF POULSBO et al, a

No.C10-00118 JLR

PLAINTIFF'S COMPLAINT FOR
TORT DAMAGES, DECLARATORY,
AND INJUNCTIVE  RELIEF

5th AMENDED COMPLAINT

DEMAND FOR JURY TRIAL

1

1  municipal corporation; JEFF DORAN, Poulsbo
   Chief of Police, in his individual and official
2  capacity, CITY OF PUYALLUP et al, a
   municipal corporation; JIM COLLYER,
3  ROBIN JAMES Puyallup Chief of Police, in
   their individual and official capacity; CITY OF
4  TACOMA et al, a municipal corporation; DON
   RAMSDELL, Tacoma Chief of Police, Capt.
5  PAUL MIELBRECHT, in their individual and
   official capacity; PIERCE COUNTY et al, a
6  municipal corporation; PAUL PASTOR,
   Pierce County Sheriff, Capt. Rick Adamson, in
7  their individual and official capacity; STATE
   OF WASHINGTON et al, a municipal
8  corporation; the WASHINGTON STATE
   PATROL et al, a Washington State
9  Department; JOHN BATISTE, Chief of
   Washington State Patrol, in his individual and
10 official capacity; FRED BJORNBERG, a
   Washington State Trooper, in his individual
11 and official capacity.
                              Defendants,
12

13

14                        **INTRODUCTION**

15         1. COMES NOW the plaintiff, John Worthington pro se, to seek injunctive,

16 declaratory tort relief pursuant to the federal Declaratory Judgment Act 28 U.S.C. § 2201, and

17 the Washington State Uniform Declaratory Judgments Act 7.24, directly under the Constitution

18 of the Unites States, and under the laws of the State of Washington ("state law"), for, *inter alia,*

19 declaratory, temporary, preliminary, and permanent injunction relief, and such other and further

20 relief as may be just and proper in accordance with law and equity, from past, current, and

21 threatened deprivations of plaintiff's rights under the Constitution and laws of the United States,

22 and laws of State of Washington, by the defendants acting individually and in concert to

23 undermine the Washington State medical marijuana law, and deprive the plaintiff of his rights to

24 an affirmative defense under the Washington State Medical Marijuana Act RCW 69.51A.040.

25         2. The plaintiff fell out of a tree in 1976 and broke his back in three places. Over the

26

years since that injury the plaintiff has gradually lost circulation to his joints and suffered

continuous pain and back spasms. In 2003, the plaintiff was diagnosed with osteonecrosis of the

left hip and diagnosed with diverticulitis. In 2005, the plaintiff became a legal Washington State

medical marijuana patient, and is entitled to use medical marijuana under the provisions of the

Washington State Medical Marijuana Act RCW 69.51A, establishing the plaintiff's right to grow

medical marijuana for his personal medical use.

3. In 2006, the plaintiff became aware that the West Sound Narcotics Enforcement

Team (Heretofore WESTNET), along with many others, defined a 60 day supply of medical

marijuana on their own, and adopted secret illegal medical marijuana plant limit , without

initiating a legal rule making process, then started enforcing these de facto 60 day supply of

medical marijuana plant limits on Washington State medical marijuana patients.

4. The plaintiff wrote a study for the Washington State legislature which complained

about the custom and practice of law enforcement creating their own 60 day supply and

enforcing their own plant limits, and enforcing them on Washington State medical marijuana

patients. In the study, the plaintiff mentioned Roy Alloway enforcing federal marijuana laws

over state medical marijuana laws, and described WEST NET as a rogue multi jurisdictional

drug task force taking medical marijuana cases to the federal courts if state guilty pleas were not

taken . The study was turned over to the Washington State legislature on January 9, 2007.

5. On January 12, 2007, the defendant Roy Alloway gave false information to a

Judge in Kitsap County and brought WEST NET and the Tahoma Narcotics Enforcement Team

(Heretofore TNET) along to retaliate against the plaintiff for complaining about his enforcement

of Washington State medical marijuana laws, and helping a man change his federal plea in a

previous WEST NET case. After Alloway declared the plaintiff a legal Washington State

medical marijuana patient, TNET'S Fred Bjornberg declared he was a federal agent and seized

3

the plaintiff's legal medicine he was entitled to grow under RCW 69.51A,and by-passed the plaintiff's rights to an affirmative defense under RCW 69.51A.040.

6. The plaintiff discovered that Fred Bjornberg was a Washington State patrolman cross designated as a federal agent, and made a public records request for his records of the raid on the plaintiff and was told Bjornberg was contracted out to a federal entity and was under the command and control of the DEA.

7. The Plaintiff filed a Washington State Public Records Act lawsuit to obtain Bjornberg's records and the TNET entities claimed to be federal agencies immune to Washington State laws. The Washington State Patrol cited Regional Task force agreements which put the DEA in control of the task forces, as proof of TNET being a federal entity.

8. In 2008, the plaintiff uncovered Conant v. Walters[1], a 1996 federal civil conspiracy case to punish doctors for signing medical marijuana authorizations, and also discovered a civil conspiracy to undermine the state medical marijuana laws by using conditioned High Intensity Drug Trafficking Area (Heretofore HIDTA) grants to cross designate state and local law enforcement to enforce a federal drug control policy ,by pass the affirmative defense in the state medical marijuana laws and seize medical marijuana on behalf of the DEA.

9. In 1998, the TNET defendant's signed the HIDTA federal grant contract to work for the DEA, and seize medical marijuana on their behalf, where the medical marijuana could be "forfeited and summarily destroyed" once it was in the DEA's possession. After the defendants seized the plaintiff's medical marijuana on January 12, 2007, they issued a policy statement that

---

[1] Conant v. Walters (9th Cir 2002) 309 F.3d 629

Physicians have a First Amendment right to discuss medical marijuana with their patients, but not to help them obtain cannabis for medical use.

medical marijuana violated federal laws and they would seize it regardless of medical marijuana plant limit thresholds.

10. In 2008, the plaintiff obtained the February 14, 2007 TNET executive board meeting minutes of the plaintiff's arrest, stating that when TNET goes out and does a raid and finds medical marijuana it will be confiscated despite any plant limit thresholds because medical marijuana is illegal federally.

11. The plaintiff was a victim of WEST NET's illegal definition of a 60 day supply of medical marijuana adopted without a legal and open rule making process, and was denied his affirmative defense under Washington State law RCW 69.51A.040, and had his medical marijuana seized despite RCW 69.51A.050,by a Washington State multi jurisdictional drug task force TNET, which had signed conditioned HIDTA grants to seize medical marijuana for the DEA. All of the allegations of violations by the defendants were sponsored mostly by the State of Washington in direct conflict with the Washington State Medical Marijuana Act RCW 69.51A.

12. The plaintiff suffered financial, physical, and mental damages as a result of the retaliatory raid, and the seizure of his legal medical marijuana, and went on to experience medical complications which caused numerous emergency room visits and follow up outpatient treatment care. As a result the plaintiff is asking for tort damages to be established at trial.

## JURISDICTION

13. This action is brought for violations under the laws of Washington State. Accordingly this court has jurisdiction of the subject matter of this action under 28 U.S.C. §§ 1331and the doctrine of supplemental jurisdiction codified at 28 U.S.C. § 1367(a)

14. The acts resulting in the plaintiff's injuries occurred in King County and the

court has jurisdiction of this action and the persons of the parties hereto under R.C.W. 4.12.020. Venue is properly established in this judicial district pursuant to R.C.W. 4.12.020, R.C.W.4.92 and R.C.W. 4.96.020.

15. The Superior Court has original jurisdiction over the subject matter of this action pursuant to RCW 2.08.010(Superior Court general provision), RCW 4.12.025 (1) an action may be brought in any county in which the Defendant resides.

16. The Superior court has personal and subject matter jurisdiction over claims for declaratory relief against the state and state officers under RCW7.24.10. Plaintiff has arranged for the timely service of the Washington State Attorney General pursuant to 7.24.110.

17. Venue is proper in this court because the Plaintiff lives in King County,  RCW 492.010 (1).

18. Worthington filed a claim for damages regarding the torts alleged in this action pursuant to RCW 4.96.020. The claims were presented to the Pierce County Risk Management Department on 10/31/ 2008, and 10/5/2009, Bonney Lake City Hall on 10/31/2008 and 10/5/2009, Bremerton City Hall on 7/6/2007, and 10/5/2009, Poulsbo City Hall on 5/11/2009 and 10/5/2009, Port Orchard City Hall on 10/5/2009, Puyallup City Hall on 10/31/ 2008 and 10/5/2009, Tacoma City Hall on 10/31/ 2008 and 10/5/2009, and the Office of Financial Management on 7/6/2007, 8/31/200, and 10/5/2009.Worthington served reminder claims on these entities in November 2009.

## PARTIES

19. At all times material herein, plaintiff John Worthington was a resident of King County in the State of Washington.

20. Due to the 9th Circuit case law established in Hervey v. Estes[2], the plaintiff

_____

[2] *Hervey v. Estes*[2], 65 F.3d 784 (9th Cir. 1995) , the court held that an intergovernmental task force made up of various local, county and state agencies was not subject to suit because there

1    can not bring suit against WEST NET or TNET, and has to list each participating member

2    agency of TNET , and WEST NET separately.

3           21. Defendant City of Bonney Lake is a local sovereign government incorporated as

4    a municipal corporation. Bonney Lake and its police department are members of Tahoma

5    Narcotics Enforcement Team (TNET), a multi-agency government drug task force. As such

6    Defendant City of Bonney Lake exists, is duly incorporated and organized under the laws of

7    the State of Washington and the laws of the United States of America. The City of Bonney Lake

8    provides services to its citizens and residents by and through the Bonney Lake Police

9    Department. At the time of the incident alleged herein, Defendant City of Bonney Lake was the

10   employer of Defendant Mike Mitchell, and is being charged under the doctrines of respondeat

11   superior and vicarious liability. Upon information and belief that the City of Bonney Lake agreed

12   to  seize medical marijuana for the DEA, and undermine the plaintiff's rights to an affirmative

13   defense  under the Washington State medical marijuana Act RCW 69.51A.040. The Bonney lake

14   defendants signed HIDTA contracts to function as a federal entity, and seize the plaintiff's

15   medical marijuana costing him thousands of dollars, damaging his health, and leading to many

16   emergency room visits and follow up outpatient care.

17          22. Defendant Mike Mitchell was at all times material herein the police Chief for the

18   Bonney Lake Police Department. Upon information and belief that defendant Mitchell signed a

19   HIDTA federal grant contract to seize medical marijuana for the DEA, agreed to a policy

20

21   was insufficient evidence to show that those entities intended to create a separate legal entity
     subject to suit. In *Brown v. Fifth Judicial Dist. Drug Task Force* , the court found that a multi-
22   city, multi-county, unincorporated, intergovernmental, multi-jurisdictional drug task force could
     not be sued because it had no separate legal existence, nor had it been granted statutory authority
23   to sue or be sued. The court also stated that "authorities more directly on point appear to be
     uniform in holding that drug task forces similar to the defendant in this case are not separate
24   legal entities subject to suit."

25

26

statement as a TNET executive board member to allow fellow TNET board member Fred Bjornberg to seize the plaintiff's medical marijuana regardless of the plant limit thresholds of Washington State medical marijuana law. Defendant Mike Mitchell is charged in his individual and official capacity for malfeasance, official misconduct, by passing the affirmative defense in Washington State medical marijuana law RCW 69.51A.040, illegally regulating medical practice in Washington State and seizing of the plaintiff's legal medicine for the DEA in violation of RCW 69.51A.050, resulting in financial damages, physical damages, emergency room visits, and outpatient care, as a result of the illegal regulation of his medical treatment.

23. Defendant City of Bremerton is a local sovereign government incorporated as a municipal corporation. Bremerton and its police department are members of West Sound Narcotics Enforcement Team (WESTNET), a multi-agency government drug task force. As such Defendant City of Bremerton exists, is duly incorporated and organized under the laws of the State of Washington and the laws of the United States of America. The City of Bremerton provides services to its citizens and residents by and through the Bremerton Police Department. At the time of the incident alleged herein, Defendant City of Bremerton was the employer of Defendant Craig Rogers. The City of Bremerton also employed Defendant Bremerton police Officer Roy Alloway a detective assigned to WESTNET and is being charged under the doctrines of respondeat superior and vicarious liability. Upon information and belief that the City of Bremerton had de facto control over city of Bremerton police department members of West Net, and are responsible under respondeat superior for the creation of the West Net interlocal agreement which they signed voluntarily to employ City of Bremerton participating members of West Net, to officially adopt and promulgate a policy statement to illegally regulate medical practice in Washington State with an illegal policy statement to enforce a 27 plant medical marijuana plant limit imposed and enforced by West Net without a legal and open rule making process, and nullified the plaintiff's Washington State medical marijuana rights. The City of

Bremerton defendants are charged in their individual and official capacity for illegal regulating medical practice, the nullification of the plaintiff's Washington State medical marijuana rights to an affirmative defense under RCW 69.51A.040, malfeasance, official misconduct, HIPPA violations, and violations of other Washington state laws, costing the plaintiff thousands of dollars, damaging his health and leading to many emergency room visits and follow up outpatient care.

24. Defendant Craig Rogers was at all times material herein the Chief of Police for the Bremerton Police Department. Defendant Rogers was acting in his official capacity as a Municipality of Bremerton policy maker. Upon information and belief that Police Chief Rogers, a WEST NET policy board member, and WEST NET policy maker, is being charged under the doctrines of respondeat superior and vicarious liability for officially adopting and promulgating a policy statement to enforce an illegal 27 plant medical marijuana plant limit without a legal and open rule making process; illegally regulating medical practice; retaliation against the plaintiff; failing to abide by the affirmative defense in RCW 69.51A.040 of the Washington State medical marijuana Act RCW 69.51A; malfeasance; official misconduct; Malicious prosecution; HIPPA violations; and violations of other Washington state laws costing the plaintiff thousands of dollars, damaging his health and leading to many emergency room visits and follow up outpatient care.

25. Defendant Roy Alloway was at all times material herein an officer/ detective for the Bremerton Police Department assigned to WEST NET. Upon information and belief that Defendant Alloway was acting in his individual and official capacity for the enforcement of a WEST NET policy statement to create and enforce an illegal 27 plant limit without a legal open rule making process. Alloway is charged in his individual and official capacity with illegally regulating medical practice; failing to abide by the affirmative defense RCW 69.51A.040 of the Washington State medical marijuana Act RCW 69.51A; official misconduct, HIPPA violations,

Malicious prosecution; false report; and violations of other Washington state laws costing the plaintiff thousands of dollars, damaging his health and leading to many emergency room visits and follow up outpatient care.

26. Defendant City of Port Orchard is a local sovereign government incorporated as a municipal corporation. Port Orchard and its police department are members of West Sound Narcotics Enforcement Team (WESTNET), a multi-agency government drug task force. As such Defendant City of Port Orchard exists, is duly incorporated and organized under the laws of the State of Washington and the laws of the United States of America. The City of Port Orchard provides services to its citizens and residents by and through the Port Orchard Police Department. At the time of the incident alleged herein, Defendant City of Port Orchard was the employer of Defendant Al Townsend a WEST NET policy board member and is being charged under the doctrines of respondeat superior and vicarious liability.. Upon information and belief that the City of Port Orchard had de facto control over city of Port Orchard police department members of West Net, and are responsible under respondeat superior for the creation of the West Net interlocal agreement which they signed voluntarily to employ City of Port Orchard participating members of West Net, to officially adopt and promulgate a policy statement to illegally regulate medical practice in Washington State with an illegal policy statement to enforce a 27 plant medical marijuana plant limit imposed and enforced by West Net without a legal and open rule making process, and nullified the plaintiff's  rights to an affirmative defense in RCW 69.51A.040 of the Washington State medical marijuana rights under RCW 69.51A. The City of Port Orchard defendants are charged in their individual and official capacity for under respondeat superior for illegally regulating medical practice, malfeasance, official misconduct, HIPPA violations, violations of other Washington state laws, costing the plaintiff thousands of dollars, damaging his health and leading to many emergency room visits and follow up outpatient care.

27. Defendant Al Townsend was at all times material herein the Chief of Police for the Port Orchard Police Department. Defendant Townsend was acting in his official capacity. Upon information and belief that Police Chief Townsend had de facto control over city of Port Orchard police department members of West Net, is being charged under the doctrines of respondeat superior and vicarious liability in his individual and official capacity for adopting and executing a WEST NET policy statement to enforce an illegal 27 medical marijuana plant limit, without a legal and open rule making process; As a WEST NET policy board member Townsend is responsible for illegally regulating medical practice; failing to honor the plaintiff's Washington State medical marijuana rights to an affirmative defense under RCW 69.51A.040; malfeasance; official misconduct ; Malicious prosecution; HIPPA violations; and violations of other Washington state laws, costing the plaintiff thousands of dollars, damaging his health and leading to many emergency room visits and  follow up outpatient care.

28. Defendant City of Poulsbo is a local sovereign government incorporated as a municipal corporation. Poulsbo city council and its police department the members of West Sound Narcotics Enforcement Team (WESTNET), a multi-agency government drug task force. As such Defendant City of Poulsbo exists, is duly incorporated and organized under the laws of the State of Washington and the laws of the United States of America. The City of Poulsbo provides services to its citizens and residents by and through the Poulsbo Police Department. At the time of the incident alleged herein, Defendant City of Poulsbo was the employer of Defendant Jeff Doran and is being charged under the doctrines of respondeat superior and vicarious liability. Upon information and belief that the City of Poulsbo had de facto control over city of Poulsbo police department members of West Net, and are responsible for the creation of the West Net interlocal agreement which they signed voluntarily to employ City of Poulsbo participating members of West Net to illegally regulate medical practice in Washington State with an illegal 27 plant medical marijuana limit imposed and enforced by West Net without a

legal and open rule making process, which nullified the plaintiff's Washington State medical

marijuana rights to an affirmative defense under RCW 69.51A.040. The City of Poulsbo

Municipality is liable for their policy makers. The City Council of Poulsbo created the WEST

NET interlocal agreement, and had a representative of the City of Poulsbo on the WEST NET

policy board, which had determined to enforce a 27 plant medical marijuana plant limit on the

plaintiff and others. The municipality of Poulsbo is charged for illegally regulating medical

practice, the nullification of the plaintiff's Washington State medical marijuana rights under

RCW 69.51A, malfeasance, official misconduct, HIPPA violations, and violations of other

Washington state laws against, costing the plaintiff thousands of dollars, damaging his health and

leading to many emergency room visits and follow up outpatient care.

29. Defendant Jeff Doran was at all times material herein the Chief of Police for the

Poulsbo Police Department. Defendant Doran was acting in his official capacity as a policy

maker for the municipality of Poulsbo and the WEST NET Policy board. Upon information and

belief that Police Chief Doran had de facto control over city of Poulsbo police department

members of West Net under respondeat superior, is being charged under the doctrines of

respondeat superior and vicarious liability in his individual and official capacity for executing a

WEST NET policy statement to adopt an illegal 27 medical marijuana plant limit without a legal

and open rule making process; illegally regulating medical practice in Washington State;

undermining the plaintiff's Washington State medical marijuana rights to an affirmative defense

under RCW 69,51A.040; malfeasance; official misconduct; malicious prosecution; HIPPA

violations; and violations of other Washington state laws against the plaintiff, costing him

thousands of dollars, damaging his health and leading to many emergency room visits and follow

up outpatient care.

30. Defendant City of Puyallup is a local sovereign government incorporated as a

municipal corporation. Puyallup and its police department are members of Tahoma Narcotics

Enforcement Team (TNET), a multi-agency government drug task force. As such Defendant City of Puyallup exists, is duly incorporated and organized under the laws of the State of Washington and the laws of the United States of America. The City of Puyallup provides services to its citizens and residents by and through the Puyallup Police Department. At the time of the incident alleged herein, Defendant City of Puyallup was the employer of the city council a policy maker for the municipality of Puyallup, and creators of the TNET interlocal agreement signed by employee Robin James the Chief of Police.  The City of Puyallup also employed Defendant Jim Collyer, another policy maker for the Municipality of Puyallup and the TNET Executive board and is being charged under the doctrines of respondeat superior and vicarious liability.  Upon information and belief that the Municipality of Puyallup signed HIDTA contracts to  cross designate Puyallup police officers to undermine the Washington State medical marijuana law RCW 69.51A and seize the plaintiff's medical marijuana. The Municipality of Puyallup is charged for secession from the State of Washington without the approval of the Washington State legislature as required by Article IV of the United States Constitution, and despite the legislative intent to put the IAD division of the Washington State patrol in charge of multi jurisdictional drug task forces in Washington State under RCW 43.43.655. The Municipality of Puyallup officially adopted and promulgated a policy statement to work for the U.S. Department of Justice and seize medical marijuana, thereby nullifying the plaintiff's Washington State medical marijuana rights to an affirmative defense under RCW 69.51A.040, costing him thousands of dollars, damaging his health and leading to many emergency room visits and follow up outpatient care.

31. Defendant Jim Collyer was at all times material herein the police Chief for the Puyallup Police Department. Upon information and belief that defendant Collyer agreed to a policy statement as a TNET executive board member to allow fellow TNET board member Fred Bjornberg to seize the plaintiff's medical marijuana regardless of the plant limit thresholds in

violation of the Washington State medical marijuana law RCW 69.51A. Defendant Collyer is charged is being charged under the doctrines of respondeat superior and vicarious liability in his individual and official capacity for malfeasance, official misconduct, by passing the Washington State medical marijuana law affirmative defense in RCW 69.51A.040, illegally regulating medical practice in Washington State and seizing of the plaintiff's legal medicine for the DEA in violation of RCW 69.51A.050, resulting in financial damages, physical damages, emergency room visits, and outpatient care, as a result of the illegal regulation of his medical treatment.

32. Defendant City of Tacoma is a local sovereign government incorporated as a municipal corporation. Tacoma and its police department are members of Tahoma Narcotics Enforcement Team (TNET), a multi agency government drug task force. As such Defendant City of Tacoma exists, is duly incorporated and organized under the laws of the State of Washington and the laws of the United States of America. The City of Tacoma provides services to its citizens and residents by and through the Tacoma Police Department. At the time of the incident alleged herein, Defendant City of Tacoma was the employer of Defendants Don Ramsdell, a policy maker for the Municipality of Tacoma, and also employed Paul Mielbrecht, another policy maker for the Municipality of Tacoma, which helped create the TNET interlocal agreement and is being charged under the doctrines of respondeat superior and vicarious liability. Upon information and belief that the Municipality of Tacoma created a federal entity immune to Washington State law, which had declared a separate sovereignty than that of Washington State, without any authority to secede from the State of Washington. The Municipality of Tacoma is charged for secession from the State of Washington without the approval of the Washington State legislature as required by Article IV of the United States Constitution, and despite the legislative intent to put the IAD division of the Washington State patrol in charge of multi jurisdictional drug task forces in Washington State under RCW 43.43.655. The Municipality of Tacoma officially adopted and promulgated a policy statement to work for the U.S. Department

of Justice and seize medical marijuana, thereby nullifying the plaintiff's Washington State medical marijuana rights to an affirmative defense under RCW 69.51A.040. The Municipality of Tacoma defendants are charged with signing HIDTA contracts to convert Washington State tax dollars, and resources into a federal entity to by pass the Washington State medical marijuana law for the federal government, illegally regulating medical practice with a TNET policy statement signed by Paul Mielbrecht to allow fellow TNET board member Fred Bjornberg to seize medical marijuana regardless of plant limit thresholds, the nullification of the plaintiff's Washington State medical marijuana rights under RCW 69.51A, malfeasance, official misconduct, HIPPA violations, and violations of other Washington state laws costing the plaintiff  thousands of dollars, damaging his health and leading to many emergency room visits and follow up outpatient care.

33. Defendant Don Ramsdell was at all times material herein the police Chief for the Tacoma Police Department. Upon information and belief that defendant Ramsdell signed a HIDTA federal grant contract to seize medical marijuana for the DEA, is responsible under respondeat superior for a policy statement of the Tacoma police TNET executive board member Paul Mielbrecht to allow fellow board member Fred Bjornberg to seize the plaintiff's medical marijuna regardless of the plant limit thresholds of Washington State medical marijuana law. Defendant Ramsdell  is being charged under the doctrines of respondeat superior and vicarious liabilityin his individual and official capacity for malfeasance, official misconduct, by passing the affirmative defense in Washington State medical marijuana law RCW 69.51A.040, illegally regulating medical practice in Washington State and seizing of the plaintiff's legal medicine for the DEA in violation of RCW 69.51A.050, resulting in financial damages, physical damages, emergency room visits, and outpatient care, as a result of the illegal regulation of his medical treatment.

34. Defendant Pierce County is a local sovereign government incorporated as a

municipal corporation. Pierce County and its sheriff's department are members of Tahoma

Narcotics Enforcement Team (TNET), a multi-agency government drug task force. As such

Defendant Pierce County exists, is duly incorporated and organized under the laws of the State of

Washington and the laws of the United States of America. Pierce County provides services to its

citizens and residents by and through the Pierce County Sheriff's Department. At the time of the

incident alleged herein, Defendant Pierce County was the employer of Defendants Paul

Pastor, a policy maker for the Municipality of Pierce County, and the employers of Rick

Adamson, another policy maker for the Municipality of Pierce County  and is being charged

under the doctrines of respondeat superior and vicarious liability. Upon information and belief

that the Municipality of Pierce County officially adopted and promulgated a policy statement

signed by Pastor to work for the U.S. Department of Justice and seize medical marijuana thereby

nullifying the plaintiff's Washington State medical marijuana rights. The Municipality of Pierce

County defendants are charged with signing conditioned HIDTA contracts to cross designate

Washington State and local law enforcement  to by pass the Washington State medical marijuana

law for the federal government, Civil conspiracy to illegally regulate medical practice with a

TNET policy statement signed by Rick Adamson to allow fellow TNET board member Fred

Bjornberg to seize the plaintiff's medical marijuana regardless of plant limit thresholds, the

nullification of the plaintiff's Washington State medical marijuana rights to an affirmative

defense under RCW 69.51A.040, malfeasance, official misconduct, HIPPA violations, and

violations of other Washington state laws, costing the plaintiff thousands of dollars, damaging

his health and leading to many emergency room visits and follow up outpatient care.

     35. 27. Defendant Paul Pastor was at all times material herein the Sheriff of Pierce

County. Upon information and belief that defendant Paul Pastor signed a HIDTA federal grant

contract to seize medical marijuana for the DEA, is responsible under respondeat superior for a

policy statement of the TNET executive board member from Pierce County Rick Adamson to

allow fellow TNET board member Fred Bjornberg to seize the plaintiff's medical marijuana regardless of the plant limit thresholds of Washington State medical marijuana law. Defendant Pastor is charged in his individual and official capacity for malfeasance, official misconduct, by passing the affirmative defense in Washington State medical marijuana law RCW 69.51A.040, illegally regulating medical practice in Washington State and seizing of the plaintiff's legal medicine for the DEA in violation of RCW 69.51A.050, resulting in financial damages, physical damages, emergency room visits, and outpatient care, as a result of the illegal regulation of his medical treatment.

36. Defendant Washington State Patrol is a department of and agency separate from Defendant State of Washington. As such defendant Washington State Patrol exists, is duly incorporated, and organized under the laws of the State of Washington and the laws of the United States of America. The State of Washington provides law enforcement services to its citizens and residents by and through the Washington State Patrol and is being charged under the doctrines of respondeat superior and vicarious liability.. Upon information and belief that the Washington State Patrol had failed to meet the requirements of RCW 43.43.655, whereas it would be impossible to coordinate Washington State multi jurisdictional drug task forces, when the Washington State patrol conceded authority of the Washington State Patrol members in those Washington State multi jurisdictional drug task forces to the DEA. The Washington State Patrol is being charged with joining a civil conspiracy conspired in 1996, to condition federal HIDTA grant contracts to cross designate Washington State law enforcement personnel to undermine the affirmative defense in the Washington State medical marijuana law RCW 69.51A.040, and seize the plaintiffs medical marijuana for the DEA in violation of RCW 69.51A.050, costing the plaintiff thousands of dollars, damaging his health and leading to many emergency room visits and follow up outpatient care.

37. Defendant John Batiste was at all times referred to herein, Chief of the Washington

State Patrol, and as such, was the commanding officer of Fred Bjornberg assigned to TNET.

Defendant Batiste is further responsible by law for enforcing the regulations of the State of

Washington and for ensuring that Washington State Patrol Troopers obey the laws of the State of

Washington and the United States of America, and for setting State codes with respect to the

hiring, training, supervision, and discipline of State troopers. The Washington State Patrol also

helped to create the TNET interlocal agreement, signed by Batiste. Upon information and belief

that the defendant Batiste had failed to meet the requirements of RCW 43.43.655, whereas it

would be impossible to coordinate Washington State multi jurisdictional drug task forces, when

the Washington State patrol conceded authority of the Washington State Patrol members in those

Washington State multi jurisdictional drug task forces to the DEA. Defendant Batiste is being

charged in his individual and official capacity for signing conditioned federal  HIDTA grant

contracts to cross designate state and local law enforcement to seize medical marijuana for the

DEA, and  undermine the Washington State medical marijuana law. Defendant Batiste is being

charged in his individual capacity and official capacity for failing to abide by the plaintiff's

rights to an affirmative defense under the Washington State medical marijuana law RCW

69.51A.040, Malfeasance, Misfeasance, and other Washington State law violations regarding the

compliance with the Washington State medical marijuana law, costing the plaintiff thousands of

dollars, damaging his health and leading to many emergency room visits and follow up

outpatient care.

     38. Defendant Fred Bjornberg was at all times referred to herein; a trooper with the

Washington State Patrol, and as such, was responsible by law for enforcing the regulations of the

State of Washington. Upon information and belief that the defendant Bjornberg had failed to

uphold the Washington State medical marijuana law RCW 69.51A, Defendant Bjornberg is

being charged in his individual and official capacity for is responsible for officially adopting and

promulgating a policy statement to confiscate the plaintiff's medical marijuana ,and interfere

with the plaintiff's rights to an affirmative defense under the Washington State medical

marijuana law RCW 69.51A.040, and seize his property under RCW 69.51A.050,Malfeasance,

Misfeasance, official misconduct, Malicious prosecution, and other Washington State law

violations regarding the compliance with the Washington State medical marijuana law, costing

the plaintiff thousands of dollars, damaging his health and leading to many emergency room

visits and follow up outpatient care.

39. Washington State Attorney Generals office is a department of and agency separate

from Defendant State of Washington. As such Defendant Washington State Attorney Generals

office exists, is duly incorporated and organized under the laws of the State of Washington and

the laws of the United States of America, and is duly incorporated, and organized under the laws

of the State of Washington and the laws of the United States of America. At the time of the

incident alleged herein, Defendant Washington State Attorney Generals office was the employer

of Defendant Christine Gregoire and Rob McKenna and is being charged under the doctrines of

respondeat superior and vicarious liability.. The Washington State Attorney Generals office also

approved the signing of condition federal HIDTA grants to cross designate state and local law

enforcement to seize the plaintiff's medical marijuana on behalf of the DEA. Upon information

and belief that the Washington State Attorney Generals office failed to protect the Washington

State medical marijuana law from alterations from subordinate county guidelines which were not

formed legally under the regulations of any of the county charters, the agency, and all those

directly employed therein , are charged with complete malfeasance of the Washington State

medical marijuana law from the years 1999 to 2008 for failing to protect RCW 69.51A from

insubordinate local alterations, and upholding the affirmative defense he was entitled under

RCW 69.51A.040, costing the plaintiff thousands of dollars, damaging his health and leading to

many emergency room visits and follow up outpatient care.

40. Defendant Christine Gregoire was at all times material herein the Governor of

Washington State and Attorney General of Washington State. Defendant Gregoire was acting in her official capacity as Governor and Attorney General. Upon information and belief that the Governor and Attorney General Gregoire failed to protect the Washington State medical marijuana law from alterations from subordinate county guidelines, she is charged in her individual and official capacities under the doctrines of respondeat superior and vicarious liability with complete malfeasance of the Washington State medical marijuana law from the years 1999 to 2008. She is also charged in her official and individual capacity for illegally regulating medical practice by developing a policy statement to enforce a 9 medical marijuana plant limit in 1999, which led to the incorrect belief that counties could assert local control. This "local control" was eventually used against Worthington to nullify his rights to an affirmative defesne under the Washington State medical marijuana law 69.51A.040.Gregoire personally illegally regulated medical practice, and approved of and participated in the federalization of Washington State multi jurisdictional drug task forces, which allowed them to proceed as a federal agency to  use aggressive prosecution tactics to undermine the Washington state medical marijuana laws, and nullify the plaintiff's medical marijuana rights.. Gregoire is also charged in her individual and official capacities with violating the Open Public Meetings Act, and Official Misconduct for meeting in private with multiple state agencies and non profit groups to develop ultra vires medical marijuana policies, instead of initiating a legal and open rule making process to develop a legal W.A.C. for medical marijuana laws, costing the plaintiff thousands of dollars, damaging his health and leading to many emergency room visits.

41. Defendant Rob McKenna was at all times material herein the Attorney General of Washington State. Defendant McKenna was acting in his official capacity as Washington State Attorney General. Upon information and belief that Attorney General McKenna committed Malfeasance for failing to protect the Washington State medical marijuana law from subordinate county guidelines, he is being charged in his individual and official capacities under the

doctrines of respondeat superior and vicarious liability.  for approving as to form agreements to allow the Washington State Patrol to secede from Washington State and void the duties imposed by RCW 43.43.655, which allowed TNET to enforce a TNET policy statement to function as a federal agency to undermine the plaintiff's rights to an affirmative defense under the Washington State medical marijuana law RCW 69.51A.040, costing the plaintiff thousands of dollars, damaging his health and leading to many emergency room visits and follow up outpatient care.

42. Defendant State of Washington is a state of the United States duly incorporated, and organized under the laws of the State of Washington and the laws of the United States of America. Upon information and belief that the State of Washington enabled state, county and city law enforcement personnel to secede from Washington State, and undermine Worthington's rights under the Washington State medical marijuana law, is being charged  under the doctrines of respondeat superior and vicarious liability for entrapment for saving a collapsing federal program to create a federal agency with state tax dollars and propping it back up with more state tax dollars to ultimately develop a completely state sponsored federal agency immune from Washington State laws enabling Washington State, County, and City employees to nullify the plaintiff's Washington State medical marijuana rights to an affirmative defense under RCW 59.51A.040, costing the plaintiff  thousands of dollars, damaging his health and leading to many emergency room visits.

43. At all times referred to herein, TNET and WEST NET Defendants City of Bonney Lake, City of Bremerton, City of Port Orchard, City of Poulsbo, City of Puyallup, City of Tacoma, Pierce County, State of Washington, Washington State Attorney Generals office Washington State Patrol, acted in individually and in concert to undermine the plaintiff's rights to an affirmative defense under the Washington State medical marijuana Act RCW 69.51A.040, and other state laws.

# FACTS

44. In 1996, the federal drug control agencies decided to use High Intensity Drug Trafficking Area (HIDTA) Grants to cross designate state and local law enforcement to seize medical marijuana where it would be forfeited to the DEA where it would be summarily destroyed.

45. In 1998, the TNET Municipality defendant's signed these HIDTA Federal grant contracts, and signed another agreement to put the DEA in charge of state and local law enforcement.

46 In 2005-2006, the plaintiff complained about Roy Alloway enforcing a 27 plant medical marijuana plant limit and undermining the Washington State medical marijuana law by turning cases over to the federal courts for violating West Net's 27 plant limit. The plaintiff wrote a study for the Washington State legislature labeling WEST NET and Roy Alloway a rogue entity.

47. On January 12, 2007, Roy Alloway and WEST NET attempted its custom and practice of framing a conspiracy to violate the Washington State controlled substances act under the guiseof the Washington State medical marijuana law, and tied the plaintiff to other parties based on a loose association he was never able to prove. Alloway used a criminal informant and his renowned legerdermain affidavit writing skills to trick a judge into acquiring a search warrant for Steve Sarich, which contained more information about the plaintiff than it did about Sarich.

48. At the raid on Sarich's house Alloway decided to call in the DEA (TNET), based on his illegal 27 plant limit, and the number of plants Sarich had gone over his de facto plant limit, and confiscated the plaintiff's medical records .WEST NET ,and TNET attempted a knock and talk at the plaintiff's house claiming that they knew the plaintiff had a medical marijuana

authorization from a navy Doctor named Jason Ling. The plaintiff told the two officers, to get a search warrant.

49. WEST NET and TNET obtained a telephonic search warrant using a more legerdermain tactics and criminal informant named Zack Joy that had never met the plaintiff , or even know the plaintiff's last name. After obtaining the warrant for the plaintiff without true probable cause, WEST NET and TNET raided the plaintiff and found 6 medical marijuana plants and a valid medical marijuana authorization from DR. Thomas Orvald.. Roy Alloway stated he was going to leave the plants. Fred Bjornberg stated he was a federal agent and that he was going to confiscate the plants for the DEA.

50. The plaintiff found out thru CTED's Dan Davis that Fred Bjornberg was a Washington State patrolman cross designated as a DEA agent, and requested public records under the Washington State public records act. The Washington State Patrol claimed Bjornberg was part of a separate federal entity under the command and control of the DEA and was immune to Washington State laws.

51. On February 14, the TNET executive board meeting minutes of the TNET raid on the plaintiff stated that medical marijuana is illegal federally, and when they go out and find medical marijuana it will be seized despite plant limit thresholds. The plaintiff was denied his affirmative defesne under RCW 69.51A.040 (See Exhibit 1 in the Declaration of John Worthington)

52. The plaintiff was forced back onto pain pills to treat his long term pain, which caused adverse physical damages resulting in numerous Emergency room visits and out patient treatment. The plaintiff was embarrassed in front of his neighbors, and lived in constant fear of more reprisals and retaliation for his medical marijuana activism.

53. As a direct and proximate result of;  the adoption and promulgation of an illegal

medical marijuana plant limit policy; The signing of conditioned federal HIDTA grant contracts

to cross designate Washington State ,County, and City law enforcement to function as a federal

agency to by-pass the plaintiff's affirmative defense in RCW 69.51A.040 and seize the plaintiff's

medical marijuana in violation of RCW 69.51A.050, and said acts and failures to act of the

Defendants City of Bonney Lake, City of Bremerton, City of Port Orchard, City of Poulsbo, City

of Puyallup, City of Tacoma, Pierce County, the Washington State Attorney Generals office,

Christine  Gregoire, Rob McKenna, Washington State Patrol, John Batiste, Fred Bjornberg,

WEST NET, TNET participating agencies and the acts and failures to act of  Bonney Lake

Police Chief Mike Mitchell, Bremerton Police Chief Craig Rogers, Bremerton police detective

Roy Alloway, Port Orchard Police Chief Al Townsend, Poulsbo Police Chief Jeff Doran,

Puyallup Police Chief Jim Collyer, Tacoma Police Chief Don Ramsdell, Pierce County Sheriff

Paul Pastor,further described in the following paragraphs, the Plaintiff John Worthington

suffered injuries and damages, including but not limited to:

a. Violations of the Washington State medical marijuana law RCW 69.51A

b. Violations of Washington State rights and laws;

c. Fear, emotional distress, humiliation and embarrassment;

d. Pursuant to Washington's Declaratory Judgment Act RCW Chapter

7.24, and the federal Declaratory Judgment Act 28 U.S.C. 2201, Worthington is

entitled to a Declaratory Judgment that Defendant actions As described herein violate

the Washington State Medical Marijuana Act, and, further is entitled to an Injunction

to prevent Defendants from continuing to violate the Washington State Medical

Marijuana Act or the plaintiff's other state rights;

e. Economic and non-economic damages past and future, in an amount to be established at trial. The actions of the Defendants in violation of the Washington State medical marijuana law, other state laws and the Washington state rights of the plaintiff, as further described below.

## COUNT 1- DECLARATORY JUDGEMENT AND INJUNCTIVE RELIEF VIOLATION OF WASHINGTON STATE SEIZURE LAWS-RESPONDEAT SUPERIOR-ALL DEFENDANTS

54. The plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein.

55. Defendants actions violated Washington state search and seizure laws when the Defendants converted the plaintiff's plants into the possession of the U.S. Department of Justice, using a medical marijuana plant limit law, and local control that did not have legal statutory effect to enable such ultra vires laws to nullify Washington State laws, and a TNET interlocal agreement intended to be utilized by the U.S Department of Justice to bypass the Washington State medical marijuana law, which did not have the act of state legislation to Convert TNET into a federal entity. The two policy statements went unchallenged by the State of Washington and therefore became official state policies.

56. Alloway manages to use his renowned legerdermain affidavit writing skills to establish probable cause, and initiate the looting process described above as the federal drug control policy.

a. Alloway has established a pattern and practice of repeatedly giving false information to Kitsap County Judges to get search warrants. At least 10 of Alloway's previous cases were dismissed when it was found that Alloway has provided false information to the Courts.

b. Alloway falsely tells a Judge in Kitsap County that; the plaintiff may have tended medical marijuana grows in a previous Alloway case, when he did not, Works for Steve Sarich and Cannacare, when the plaintiff did not, the plaintiff admitted to having a medical marijuana grow, which he did not.

c. Alloway uses a criminal informant that; never saw the plaintiff at Sarich's house, did not know the plaintiff's last name, did not know where The plaintiff lived, or was able make any claims to have witnessed illegal activity by the plaintiff.

d. Alloway did not tell the Kitsap County Judge that, the U.S. Department of Defense was involved with the investigation, and may have had pertinent information which would have negated Alloway's statements to the Judge that WEST NET and TNET had attempted to use the plaintiff's medical marijuana authorization in the knock and talk to attempt an entry.

e. Alloway should no longer be eligible to proceed under the good faith doctrine.

57. As a direct and proximate result of this negligence the Plaintiff suffered

damages and will continue to incur substantial damages in an amount to be established at

trial.

f. WESTNET and TNET seized the plaintiff's medical marijuana without

reasonable suspicion or probable cause to believe the plaintiff was engaged in committing

a crime.

g. As a result of the defendants actions the plaintiff was stripped of thousands of dollars worth of medical marijuana and specific strains of medical marijuana to effectively treat his pain management without suffering from internal bleeding, and was forced to seek damaging alternatives ,causing numerous emergency room visits and follow up outpatient care.


*COUNT 2- DECLARATORY JUDGEMENT AND INJUNCTIVE RELIEF*

*TORTIOUS CONDUCT CLAIMS FOR VIOLATION OF WASHINGTON*

*STATE MEDICAL MARIJUANA LAW RCW 69.51A –RESPONDEAT*

*SUPERIOR-ALL DEFENDANTS*

58. The plaintiff realleges and incorporates herein by reference each and every

allegation contained above as though fully set forth herein,

59. Defendant WEST NET and TNET participating agencies actions violated the Washington State Medical Marijuana Act RCW 59.51A, when the Defendants executed a TNET policy Statement to function as a federal agency, and converted the plaintiff's medical marijuana plants into the possession of the U.S. Department of Justice, using a WEST NET policy statement for a 27 plant marijuana plant limit law that did not have legal statutory effect to enable such ultra vires policy to nullify the plaintiff's rights under the Washington State medical marijuana laws; and Using a TNET policy to function as a federal agency to nullify the plaintiff's rights under the Washington State medical marijuana law RCW 69.51A.

60. Defendant WEST NET and TNET participating agencies violated the Washington State Medical Marijuana Act, when Defendant's converted Worthington's plants into the possession of the U.S. Department of Justice, using "federal entity" that did not have the legal statutorily required act of the Washington State Legislature to function as a "federal entity", and allow WEST NET AND TNET to ignore the Washington State Medical Marijuana Act RCW69.51A.

61. Defendant's WEST NET and TNET participating agencies violated the Washington State Medical Marijuana Act RCW 69.51A.040, when Worthington did not get his Affirmative Defense in a Washington State Court.

62. All defendant's violated the plaintiff's rights secured under the Washington State Medical Marijuana Act RCW 69.51A, using Washington State funds to officially adopt and promulgate two policy statements ,which went unchallenged by the State of Washington and

where therefore adopted as State policy ,to undermine the plaintiff's medical marijuana rights under RCW 69.51A.

    a. All of these defendants should be charged with Malfeasance, official misconduct, and abuse of office.

    b. As a result of the defendants actions the plaintiff was stripped of thousands of dollars worth of medical marijuana and specific strains of medical marijuana to effectively treat his pain management without suffering from internal bleeding, and was forced to seek damaging alternatives ,causing numerous emergency room visits and follow up outpatient care.

63. Defendant Alloway's actions violated the plaintiff's rights secured under the Washington State Medical Marijuana Act RCW 69.51A, using a criminal informant that did not meet the criteria required under the Aguilar- Spinelli test for determining the reliability and credibility of informant information, as a means to establish probable cause.

    a. Alloway has established a pattern and practice of repeatedly giving false information to Kitsap County Judges to get search warrants. At least 10 of Alloway's previous cases were dismissed when it was found that Alloway has provided false information to the Courts.

    b. Alloway should no longer be eligible to proceed under the good faith doctrine

64. Defendant Alloway manages to use his renowned legerdermain affidavit writing skills to establish probable cause in a manor that would not withstand a Franks hearing. The plaintiff's case would have been dismissed just as many other Alloway cases have been dismissed, when Alloway's legerdermain affidavits are given adversarial testing. At least 10 previous cases initiated by Alloway have been dismissed due to false statements made in acquiring search warrants.

65. Defendant Alloway should have been charged with Perjury in State v. Delago, and should not have remained in a position of authority to apply for search warrants. Alloway should have been dismissed from West Net and returned to the City of Bremerton to work

in another capacity. Alloway should not have been given the opportunity to retaliate against

the plaintiff, if Alloway had been held accountable for repeatedly making false statements

to acquire search warrants.

a. Alloway has established a pattern and practice of repeatedly giving false information to Kitsap County Judges to get search warrants. At least 10 of Alloway's previous cases were dismissed when it was found that Alloway has provided false information to the Courts.

b. At some point the courts are going to have to acknowledge that Roy Alloway can no longer be trusted to give honest testimony under oath.

c. Alloway should no longer be eligible to proceed under the good faith doctrine.

d. As a result of the defendant's actions the plaintiff was stripped of thousands of dollars worth of medical marijuana and specific strains of medical marijuana to effectively treat his pain management without suffering from internal bleeding, and was forced to seek damaging alternatives ,causing numerous emergency room visits and follow up outpatient care.

66. As a direct and proximate result of this negligence the plaintiff suffered damages

and will continue to incur substantial damages in an amount to be established at trial.

## COUNT 3- DECLARATORY JUDGEMENT AND INJUNCTIVE RELIEF VIOLATION OFRCW 42.30-OPEN PUBLIC MEETINGS ACT- RESPONDEAT SUPERIOR-ALL DEFENDANTS

67. The plaintiff realleges and incorporates herein by reference each and every

allegation contained above as though fully set forth herein; ,

68. Defendants actions violated the intent of RCW 42.30.10, when they created

medical marijuana plant policies in clandestine meetings.

a.   The legislature finds and declares that all public commissions, boards,

councils, committees, subcommittees, departments, divisions, offices, and all other public agencies of this state and subdivisions thereof exist to aid in the conduct of the people's business. It is the intent of this chapter that their actions be taken openly and that their deliberations be conducted openly. The people of this state do not yield their sovereignty to the agencies which serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for  the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created.

b. Defendants policy meeting meets the criteria in RCW 42.30.20, (4) "Meeting" means meetings at which action is taken.

c. The action taken was defining a 60 day supply of medical marijuana, and converting state ,county, and city employee's into a federal sovereignty without the required act of the Washington State legislature, or notification of the public.

69. The acts, conduct and behavior of the defendants were performed knowingly, intentionally and maliciously, by reason of which plaintiff is entitled to tort damages.

a. As a result of the defendants actions the plaintiff was stripped of thousands of dollars worth of medical marijuana and specific strains of medical marijuana to effectively treat his pain management without suffering from internal bleeding, and was forced to seek damaging alternatives ,causing numerous emergency room visits and follow up outpatient care.

## *COUNT 4- DECLARATORY JUDGEMENT AND INJUNCTIVE RELIEF CLAIM FOR VIOLATION OF RCW 4.24.630 -RESPONDEAT SUPERIOR – ALL DEFENDANTS*

70. The plaintiff realleges and incorporates herein by reference each and every allegation contained above as though fully set forth herein,

1    71. Defendants actions violated RCW 4.24.630 when they wrongfully removed

2    The plaintiff's medical marijuana plants, knowing they would be confiscating the plants and not

3    depositing them in the district court to by-pass the affirmative defense and for waste Claims

4    against all of the individual officers who went on the land and took the Medical Marijuana plants

5    and wated (damaged) Worthington's property. RCW 4.24.630:

6        a. (1) Every person who goes onto the land of another and who removes timber,

7        crops, minerals, or other similar valuable property from the land, or wrongfully causes

8        waste or injury to the land, or wrongfully injures personal property or improvements to

9        real estate on the land, is liable to the injured party for treble the amount of the damages

10       caused by the removal, waste, or injury. For purposes of this section, a person acts

11       "wrongfully" if the person intentionally and unreasonably commits the act or acts while

12       knowing, or having reason to know, that he or she lacks authorization to so act.

13       Damages recoverable under this section include, but are not limited to, damages for the

14       market value of the property removed or injured, and for injury to the land, including the

15       costs of restoration. In addition, the person is liable for reimbursing the injured party for

16       the party's reasonable costs, including but not limited to investigative costs and

17       reasonable attorneys' fees and other litigation-related costs.

18

19       72. Defendants unlawfully exercised dominion and control over property belonging to

20   the plaintiff in defiance of the Washington State Medical Marijuana Act RCW 69.51A, by

21   converting a state funded and administered inter-government association into to a federal process

22   with a "federal entity" that did not have the required act of legislation to make such a conversion.

23   In addition, Defendant Alloway withheld information from the state courts and presented false

24   information to the state courts to obtain a search warrant. For the purpose of this claim

25   Defendant Alloway acted wrongly. The TNET Defendants acted wrongly and admitted to policy

26

statement that medical marijuana plants would be confiscated for the federal government by

State, County and City employee's despite the state medical marijuana law.

73. Defendant Alloway manages to use his renowned legerdermain affidavit writing

skills to establish probable cause in a manor that would not withstand a Franks hearing.

The plaintiff's case would have been dismissed just as many other Alloway cases have

been dismissed, when Alloway's legerdermain affidavits are given adversarial testing.

At least 10 previous cases initiated by Alloway have been dismissed due to false

statements made in acquiring search warrants.

a. Alloway has established a pattern and practice of repeatedly giving false
information to Kitsap County Judges to get search warrants. At least 10 of Alloway's
previous cases were dismissed when it was found that Alloway has provided false
information to the Courts.

b. At some point the courts are going to have to acknowledge that Roy
Alloway can no longer be trusted to give honest testimony under oath.

c. Alloway should no longer be eligible to proceed under the good faith doctrine.

74. Defendant Alloway should have been charged with Perjury in State v. Delago,

and should not have remained in a position of authority to apply for search warrants. Alloway

should have been dismissed from West Net and returned to the City of Bremerton to work

in another capacity. Alloway should not have been given the opportunity to retaliate against

the plaintiff, if Alloway had been properly held accountable for repeatedly making false

statements to acquire search warrants. Alloways testimony under oath should no longer have

been taken at face value by any court.

a. As a result of the defendants actions the plaintiff was stripped of thousands of
dollars worth of medical marijuana and specific strains of medical marijuana to
effectively treat his pain management without suffering from internal bleeding, and

was forced to seek damaging alternatives ,causing numerous emergency room visits and follow up outpatient care.

75. As a direct and proximate result of this negligence the plaintiff suffered damages and will continue to incur substantial damages in an amount to be established at trial.

## RELIEF REQUESTED

Wherefore, Plaintiff respectfully requests the court;

76. Enter a declaratory judgment for violating the Washington State medical marijuana law RCW 69.51A.in an amount to be established at trial, including:

    a. Economic damages to plaintiff against the Defendants jointly and severally;

    b. Non-economic damages to plaintiff against the Defendants jointly and severally;

    c. Costs of this action to the plaintiff under RCW 4.84 other applicable state and federal statutes and rules;

    d. Such other relief as this court may deem equitable.

77. That this Court issue a temporary, preliminary and a permanent injunction enjoining State,  County, and City Defendants, their subordinates, and their officers, successors, assigns and all persons in active concert or participation with them, by;

    a. Declaring that the Defendants have signed HIDTA contracts to undermine RCW 69.51A.040, the Affirmative Defense in the Washington State Medical Marijuana Act.

    b. Declaring that the Defendants have seized the plaintiff's medical marijuana for the DEA in violation of Washington State medical marijuana law RCW 69.51A.050.

    c. Issue an order enjoining the Defendants give a written 30 day notice to terminate all HIDTA grants, Regional Task Force agreements and Multi jurisdictional drug task force interlocal agreements, until these grants and contracts can be properly written to remove the conflict with the Washington State medical marijuana law RCW 69.51A.

    d. Declare the Defendants are liable for the conditions outlined in RCW

42.30.120 (1) Each member of the governing body who attends a meeting of such governing body where action is taken in violation of any provision of this chapter applicable to him, with knowledge of the fact that the meeting is in violation thereof, shall be subject to personal liability in the form of a civil penalty in the amount of one hundred dollars. The civil penalty shall be assessed by a judge of the superior court and an action to enforce this penalty may be brought by any person. A violation of this chapter does not constitute a crime and assessment of the civil penalty by a judge shall not give rise to any disability or legal disadvantage based on conviction of a criminal offense.
(2) Any person who prevails against a public agency in any action in the courts for a violation of this chapter shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action.

78. A declaratory ruling that the Defendants have committed the other violations contained Herein.

79. Award appropriate Special and General compensatory damages for the Defendant's failure to abide by the Washington State medical marijuana Act RCW 69.51A, and the other acts contained herein.

80. Plaintiff demand for Jury of twelve to hear all matters at trial.

81. Remand this case back to the state courts to settle matters of state law.

DATED this 3rd day of March, 2010.


By: s/John Worthington


JOHN WORTHINGTON Pro Se
4500 SE 2nd PL.
RENTON WA.98059


## Certificate of Service

I certify that on the date and time indicated below, I caused to be served electronically, a copy of the documents and pleadings listed below, upon the attorneys of record for the defendants herein listed and indicated below.

1. AMENDED COMPLAINT
2. CERTIFICATE OF SERVICE
3. THE DECALARTION OF JOHN WORTHINGTON
4. EXHIBIT 1

Attorneys for defendants:

ROBERT CHRISTIE
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA.98109
206-957-9669
bob@christielawgroup.com

DANIEL HAMILTON
955 TACOMA AVENUE SOUTH, SUITE 301
TACOMA, WA. 98402-2160
253-798-6732
dhamilt@co.pierce.wa.us

STEWART ESTES
800 FIFTH AVENUE, SUITE 4141
SEATTLE ,WA. 98104-3175
206-623-8861
sestes@kbmlawyers.com

MARK KOONTZ
345 6TH STREET, SUITE 600
BREMERTON, WA. 98337
360-473-5161
mark.koontz@ci.bremerton.wa.us

CHERYL CARLSON
333 SOUTH MERIDIAN
PUYALLUP .WA.98371
253-841-5598

ALLISON STANHOPE
800 FIFTH AVENUE, SUITE 2000
SEATTLE WA. 98104-3188
206-464-7352
allisonc@atg.wa.gov

JEAN HOMAN
747 MARKET STREET, ROOM 1120
TACOMA, WA.98402-3767
253-591-5885
jhoman@ci.tacoma.wa.us

I declare under penalty of perjury under the laws of the United States that the foregoing is

true and correct.

DATED at Renton Washington this 3rd day of March 2010.

By: s/ JOHN WORTHINGTON

JOHN WORTHINGTON pro se
4500 SE 2ND PL.
RENTON WA.98059