**Kitsap County Sheriff's Office**
**614 Division Street**
**Port Orchard, WA  98366**

## INTERLOCAL DRUG TASK FORCE AGREEMENT

This Interlocal Agreement is made and entered into pursuant to the provisions of Chapter 39.34 RCW, this 30th day of June, 2009, by and between the Counties of Kitsap, Pierce and Mason and the Cities of Bainbridge Island, Bremerton, Port Orchard, Poulsbo, Shelton, and the Washington State Patrol and Naval Criminal Investigative Service.

### RECITALS:

1. The high level of illegal sale and use of controlled substances in the Counties of Kitsap, Pierce and Mason and the Cities of Bainbridge Island, Bremerton, Port Orchard, Poulsbo and Shelton has had increasingly serious and adverse effects on the quality of life in these counties and cities.

2. These counties and cities have, in recent years, found it necessary to spend even greater resources in fighting the problems caused by the illegal sale and use of controlled substances.

3. The parties desire to enter into an agreement that provides a formal organization in order to centralize supervision and enhance the efforts of the law enforcement agencies to combat controlled substance trafficking.

4. Chapter 39.34 RCW provides that local jurisdictions may enter into cooperative agreements for their mutual advantage.

Now, therefore, the parties hereto, through their respective legislative bodies, do hereby agree as follows:

## SECTION 1. DEFINITIONS.

For purposes of this agreement:

a. "Agency" and "agencies" means the member agencies of the Drug Task Force, those being the Sheriff Departments of Kitsap, Pierce and Mason Counties and the Cities of Bainbridge Island, Bremerton, Port Orchard, Poulsbo, Shelton and the Washington State Patrol and Naval Criminal Investigative Service.

b. "Advisory Board" means the representative body for the Drug Task Force and shall consist of the Chiefs of Police of the Cities of Bainbridge Island, Bremerton, Port Orchard, Poulsbo and Shelton, the Sheriffs and Prosecutors of the Counties of Kitsap, Pierce and Mason, and the Chief of the Washington State Patrol and Supervisor in charge of the Naval Criminal Investigative Service.

c. "Jurisdictions" means the Cities of Bainbridge Island, Bremerton, Port Orchard, Poulsbo and Shelton, the Counties of Kitsap, Pierce and Mason, and the State of Washington.

d. "Drug Task Force" means a drug enforcement agency created by this agreement.

e. The "WestNET Fund" means the account within the Kitsap County Treasurer's Office, which is administered by the Kitsap County Sheriff for the purpose of receipt and disbursement of drug forfeiture funds and court ordered contributions in accordance with section 7 of this agreement.

f. "Drug Task Force Operations Fund" or "Operations Fund" means the fund administered by one of the member agencies for the purpose of receipt and disbursement

INTERLOCAL DRUG FORCE AGREEMENT – 2

of monies from the "WESTNET Fund" for day-to-day operational purposes of the Task Force.

    g.  "Task Force Operation" means any drug law enforcement activity in which an officer assigned to the Task Force takes an active part. Task Force operations may also include controlled substance law enforcement activity in which the Task Force member's sole participation was to supply intelligence information to the arresting agency, or in which the Task Force provided follow-up support such as evidence processing, case preparation, warrant request, or follow-up investigation, if such intelligence or ancillary support is deemed substantial by the Advisory Board. In its reviewing capacity as described in Section 6.a, the Board shall determine whether such intelligence or ancillary support in any given case has been substantial so as to make the activity a Task Force operation.

    h.  "Task Force Coordinator" means a Kitsap County Sheriff's Office Lieutenant or above elected by the Board.

## SECTION 2. PURPOSE.

The purpose of this agreement is to provide for and regulate the joint efforts of the City, County, State and Federal law enforcement to combat violations of controlled substance laws within the contracting jurisdictions for their mutual advantage. In order to accomplish this purpose the task force and advisory board does and must operate confidentially and without public input. <u>The parties do not intend to create through, this Agreement, a separate legal entity subject to suit.</u>

## SECTION 3. GENERAL DUTIES OF THE PARTIES.

    a.  The County of Kitsap, through its Sheriffs Office, the County of Pierce, through its Sheriffs Office, the County of Mason, through its Sheriffs Office, the City of

INTERLOCAL DRUG FORCE AGREEMENT – 3

Bainbridge Island, through its Police Department, the City of Bremerton, through its Police Department, the City of Port Orchard, through its Police Department, the City of Poulsbo, through its Police Department, the City of Shelton, through its Police Department and the Washington State Patrol and Naval Criminal Investigative Service shall assign such full time investigators to work in the task force as the drug enforcement needs require and the respective departmental staff levels permit.

b. Each jurisdiction shall pay all costs associated with its officers and equipment when assigned to the Task Force. The Washington State Patrol will contribute a supervisor and pay all related costs associated with its officer and equipment.

c. Each contributing agency shall act as an independent contractor and not as employee of the Task Force or of another party to this agreement. As such, each party shall not have the authority to bind other parties nor control employees of other parties, contractors or other entities.

d. Pursuant to RCW 10.93.040, personnel assigned to the Task Force shall be considered employees of the contributing agency, which shall be solely and exclusively responsible for that employee. All rights, duties and obligations of the employer shall remain with the contributing agency. The personnel assigned by the contributing agencies shall continue under the employment of that agency for purposes of any losses, claims, damages, or liabilities arising out of or related to the services provided to the Task Force or the activities of the Task Force. Each agency agrees to hold harmless, defend, and indemnify the other parties in the Task Force in any action arising from the negligence of the employees of that agency including all costs of defense including attorney's fees.

INTERLOCAL DRUG FORCE AGREEMENT – 4

e.  The Office of the Kitsap County Prosecutor shall, in addition to its normal duties in the prosecution of Kitsap County felony drug violations, represent the Cities, Kitsap County, and the State in real and personal property forfeitures and drug nuisance abatement proceedings initiated by Task Force assigned personnel. The parties agree that the Office of the Kitsap County Prosecutor shall receive as reimbursement for such representation a sum equal to ten percent (10%) of the drug forfeiture cash and cash proceeds from sales of property forfeited as a result of such representation, provided, however, that such reimbursement shall not exceed the annual salary and benefits of a Grade Q02, Step 3 Deputy Prosecuting Attorney. Such reimbursement shall be disbursed to the Office of the Kitsap County Prosecuting Attorney upon the final conclusion, including any appeal, of each forfeiture proceeding referenced above. We understand that the Deputy Prosecuting Attorney assigned to represent the parties in the Task Force may also, upon agreement by the respective elected Prosecuting Attorney in Mason County, represent the parties in the Task Force in forfeiture proceedings in that county as a special Deputy Prosecuting Attorney.

f.  Pursuant to RCW 10.93.070, law enforcement personnel assigned on a full or part-time basis to the task force shall have full police powers within the geographical area of Kitsap, Pierce and Mason Counties. Personnel assigned to the Task Force shall conform to their agency's rules and regulations, as well as Task Force policy. All disciplinary matters will be the responsibility of the individual agencies.

INTERLOCAL DRUG FORCE AGREEMENT – 5

**SECTION 4. DURATION.**

This agreement shall take effect on June 30th, 2009 and terminate on June 30th, 2012 provided; however, this agreement may be renewed annually by mutual agreement of the parties.

**SECTION 5. GENERAL ADMINISTRATION.**

a. The Kitsap County Sheriff shall administer the WestNET Fund in accordance with applicable laws, this Agreement and any other mutually agreed policies and procedures. The Task Force Operations Fund shall be administered by the Task Force Coordinator or designee in accordance with the State Auditor's accounting standards for imprest investigative funds and such other standards as the Advisory Board may prescribe.

b. The Advisory-Board shall meet at least quarterly, provide policy and procedural guidance to the Task Force coordinator and supervisors, and supervise the use of the WestNET Fund and Operations Fund. Each member of the Advisory Board shall have an equal voice, as long as the agency has at least one full time investigator assigned to WestNET, in all Board matters.

c. The Advisory Board shall appoint a Task Force Coordinator to supervise the daily operations of the Task Force according to this Agreement and the Operating Rules of the Task Force.

d. The Advisory Board or designee shall have the authority to apply on behalf of the Task Force for such grant funds as may be available from federal, state, or private sources, for the furtherance of Task Force objectives.

INTERLOCAL DRUG FORCE AGREEMENT – 6

## SECTION 6. PROPERTY AND EQUIPMENT.

a. The Advisory Board or designee shall determine whether property seized and forfeited in a Task Force operation is to be retained for use by the Task Force or sold to generate cash for Task Force purposes. All cash proceeds from such sales of forfeited property shall be promptly deposited in the WestNET Fund, as shall all cash seized and forfeited in a Task Force operation.

b. All cash, property and proceeds from property forfeited pursuant to RCW 69.50.505 by Task Force Operations shall be managed and disbursed only as provided in said RCW 69.50.505. In the event that the Task Force otherwise acquires any equipment; the parties agree to use the equipment only for such law enforcement purposes as are established by the Advisory Board.

c. Upon dissolution of the Task Force, all property, provided to the Task Force by the participating agencies and all forfeited property, other than money, remaining in the Task Force's possession shall be returned to the respective contributing agencies. Any Task Force-owned property and other cash or cash proceeds remaining in the possession of the Task Force (including monies in the WestNET Fund) shall be divided as follows: ten percent shall go to the Kitsap County Prosecutor as attorney for the Task Force; ten percent to the Washington State Patrol; eighty percent shall be allocated pro-rata between the Cities and the Counties according to the number of officer months spent in Task Force service by support, operational and command personnel of their respective police agencies, during the term of this agreement.

d. Notwithstanding the termination of this Agreement and distribution of Task Force properties as herein described, such property and monies shall remain subject

INTERLOCAL DRUG FORCE AGREEMENT – 7

to the use restrictions of RCW 69.50.505 in the hands of each party until fully expended for the law enforcement purposes permitted in said RCW 69.50.505.

### SECTION 7. HANDLING OF FUNDS.

a. The WestNET Fund shall be held by the Kitsap County Treasurer, who will disburse the fund according to such standards and direction as the Advisory Board shall provide. All interest earned on monies in the fund shall be credited to the fund and remain therein until disbursed according to this agreement.

b. The Task Force Coordinator or designee shall maintain a fund of ready cash so that day-to-day needs of the Task Force can be met. This shall be called the Task Force Operations Fund and shall be limited in amount to $25,000.00, or such other limit as the Advisory Board shall permit. The Operations Fund may be kept and maintained at such location and in such manner as the Task Force Coordinator or designee shall determine, subject to the Washington State Auditor's standards on imprest investigation funds and such other requirements as the Advisory Board may establish.

c. In accordance with RCW 69.50.505, cash proceeds from the sale of drug forfeiture property seized by WestNET shall be delivered to the Kitsap County Treasurer together with transmittal instructions indicating the respective state and local shares thereof according to RCW 69.50.505. The local share shall then be deposited in the WestNET Fund of the Kitsap County Treasurer and accounted for separately in the WestNET Fund. The State's share shall be remitted by the Treasurer to the State Public Safety and Education (PSE) account, as required by the statute, according to the figures supplied by the Task Force on the Treasurer's general transmittal form. A copy of the

INTERLOCAL DRUG FORCE AGREEMENT – 8

Kitsap County Treasurer's receipt and transmittal form for each such deposit, identifying the forfeiture case by name and/or number, shall be promptly provided to the Task Force Coordinator or designee.

    d.    In order to ensure compliance with this agreement, the parties agree that all forfeitures made pursuant to RCW 69.50.505 by each party shall be made available upon a reasonable request for disclosure by the Advisory Board.

    e.    Kitsap County, Pierce County, Mason County, the City of Bainbridge Island, the City of Poulsbo, the City of Port Orchard, the City of Bremerton, the City of Shelton, and the Washington State Patrol currently may assign a detective and/or supervisor to the task force. The Advisory Board agrees to reimburse Kitsap County, Pierce County, Mason County, the City of Bainbridge Island, the City of Poulsbo, the City of Port Orchard, the City of Bremerton, the City of Shelton and the Washington State Patrol for overtime wages up to $15,000.00 dollars per year for each full-time detective(s) and/or supervisor.

The Advisory Board, Kitsap County Pierce County, Mason County, the City of Bainbridge Island, the City of Poulsbo, the City of Port Orchard, the City of Bremerton, the City of Shelton and the Washington State Patrol agree that this interlocal agreement is subject to the terms and conditions of the agreement to reimburse overtime wages; that this interlocal agreement is contingent upon continued operation of the task force; that any party may withdraw from the interlocal agreement upon thirty days written notice to each of the other parties; and that funding is subject to fund availability in the WestNET Fund.

INTERLOCAL DRUG FORCE AGREEMENT – 9

Kitsap County Treasurer's receipt and transmittal form for each such deposit, identifying the forfeiture case by name and/or number, shall be promptly provided to the Task Force Coordinator or designee.

    d.    In order to ensure compliance with this agreement, the parties agree that all forfeitures made pursuant to RCW 69.50.505 by each party shall be made available upon a reasonable request for disclosure by the Advisory Board.

    e.    Kitsap County, Pierce County, Mason County, the City of Bainbridge Island, the City of Poulsbo, the City of Port Orchard, the City of Bremerton, the City of Shelton, and the Washington State Patrol currently may assign a detective and/or supervisor to the task force. The Advisory Board agrees to reimburse Kitsap County, Pierce County, Mason County, the City of Bainbridge Island, the City of Poulsbo, the City of Port Orchard, the City of Bremerton, the City of Shelton and the Washington State Patrol for overtime wages up to $15,000.00 dollars per year for each full-time detective(s) and/or supervisor.

The Advisory Board, Kitsap County Pierce County, Mason County, the City of Bainbridge Island, the City of Poulsbo, the City of Port Orchard, the City of Bremerton, the City of Shelton and the Washington State Patrol agree that this interlocal agreement is subject to the terms and conditions of the agreement to reimburse overtime wages; that this interlocal agreement is contingent upon continued operation of the task force; that any party may withdraw from the interlocal agreement upon thirty days written notice to each of the other parties; and that funding is subject to fund availability in the WestNET Fund.

INTERLOCAL DRUG FORCE AGREEMENT – 9

f. The Naval Criminal Investigative Service Northwest Field Office as a Federal Law Enforcement Agency is prohibited from providing any form of funding to the WESTNET Fund or the Drug Task Force Operations Fund for the purpose of financially supporting the drug task force, nor can be obligated in the future for any claims against these two funds. In addition, the Naval Criminal Investigative Service and its employees will not receive any form of financial reimbursement from the two funds for any purpose. The disbursement of seized property or assets to the Naval Criminal Investigative Service will only be considered after a legal review by the Inspector General, Naval Criminal Investigative Service Headquarters.

**SECTION 8. AMENDMENT.**

This agreement may be amended from time to time as deemed appropriate by the parties, PROVIDED, any such amendment shall become effective only after it has been adopted in writing by each of the parties.

**SECTION 9. INTEGRATION.**

This agreement contains all the terms and conditions agreed upon by the parties, except necessary operational agreements between the law enforcement agencies of the respective jurisdictions in furtherance hereof. No other understanding, oral or otherwise, regarding the subject matter of this agreement, shall be deemed to exist or to bind either of the parties.

**SECTION 10. TERMINATION.**

Any party may withdraw from this agreement upon thirty (30) days notices in writing, given to each of the other parties.

Kitsap County Treasurer's receipt and transmittal form for each such deposit, identifying the forfeiture case by name and/or number, shall be promptly provided to the Task Force Coordinator or designee.

    d.    In order to ensure compliance with this agreement, the parties agree that all forfeitures made pursuant to RCW 69.50.505 by each party shall be made available upon a reasonable request for disclosure by the Advisory Board.

    e.    Kitsap County, Pierce County, Mason County, the City of Bainbridge Island, the City of Poulsbo, the City of Port Orchard, the City of Bremerton, the City of Shelton, and the Washington State Patrol currently may assign a detective and/or supervisor to the task force. The Advisory Board agrees to reimburse Kitsap County, Pierce County, Mason County, the City of Bainbridge Island, the City of Poulsbo, the City of Port Orchard, the City of Bremerton, the City of Shelton and the Washington State Patrol for overtime wages up to $15,000.00 dollars per year for each full-time detective(s) and/or supervisor.

The Advisory Board, Kitsap County Pierce County, Mason County, the City of Bainbridge Island, the City of Poulsbo, the City of Port Orchard, the City of Bremerton, the City of Shelton and the Washington State Patrol agree that this interlocal agreement is subject to the terms and conditions of the agreement to reimburse overtime wages; that this interlocal agreement is contingent upon continued operation of the task force; that any party may withdraw from the interlocal agreement upon thirty days written notice to each of the other parties; and that funding is subject to fund availability in the WestNET Fund.

INTERLOCAL DRUG FORCE AGREEMENT – 9