HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN WORTHINGTON,

      Plaintiff,

  v.

WASHINGTON STATE ATTORNEY
GENERAL'S OFFICE, et al.,

      Defendant.

CASE NO. C10-0118

RESPONSE TO PLAINTIFF'S MOTION IN OPPOSITION TO THE UNITED STATES' NOTICE OF SUBSTITUION

COMES NOW the United States, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Kayla C. Stahman, Assistant United States Attorney for said district, and files its Response to Plaintiff's Motion in Opposition to Notice of Substitution of United States for Fred Bjornberg (Dkt. No. 37).[1]

---

[1] Pursuant to CR 7(g) the United States is not permitted to file a response to Plaintiff's Motion to Strike (Dkt. No. 42), however, it should be noted that the arguments set forth in Plaintiff's Motion to Strike are

RESPONSE TO PLAINTIFF'S MOTION
IN OPPOSITION TO THE UNITED STATES'
NOTICE OF SUBSTITUION C10-0118- 1

**UNITED STATES ATTORNEY**
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
TEL: 206-553-7970
FAX: 206-553-4073

For the reasons set forth below, the United States contends that the conduct at issue in the Scope of Employment Certification previously filed in this matter was, as a matter of Washington law, within Task Force Officer ("TFO") Bjornberg's scope of employment. This brief is supported by the Declaration of Kayla Stahman ("Stahman Decl.").

## Background

Plaintiff, John Worthington ("Worthington" or "Plaintiff") has opposed and moved to strike the Certification of Assistant United States Attorney Phil Lynch ("Certification"), Chief of the Civil Division of the United States Attorney's Office for the Western District of Washington, certifying that TFO Bjornberg, whom Worthington named as a defendant, was acting within the scope of his federal employment as a deputized officer of the Drug Enforcement Administration ("DEA") during the events alleged in Worthington's Fifth Amended Complaint ("Complaint"). Dkt. No. 30. Worthington's Complaint alleges that TFO Bjornberg committed a range of torts when he participated in a search and seizure at Plaintiff's home. In response to and after careful consideration of a request from TFO Bjornberg that the United States substitute itself for him as defendant in this action, and pursuant to 28 U.S.C. § 2675(a), known as the Westfall Act (an amendment to the FTCA), the United States submitted the Certification as an Exhibit to its Notice and Substitution of the United States. Dkt. No. 36.

---

similar to those arguments set forth in Plaintiff's Opposition to Notice of Substitution of United States for Fred Bjornberg (Dkt. No. 37).

RESPONSE TO PLAINTIFF'S MOTION
IN OPPOSITION TO THE UNITED STATES'
NOTICE OF SUBSTITUION C10-0118- 2

**UNITED STATES ATTORNEY**
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
TEL: 206-553-7970
FAX: 206-553-4073

As discussed in the United States' Motion to Dismiss (Dkt. No. 39), the Westfall Act provides for substitution of the United States as the sole party defendant in most tort actions involving government employees where the United States first certifies that the government employee whose conduct is at issue was, at all relevant times, "acting within the scope of his office or employment." *See* 28 U.S.C. §§ 2671, 2674, 2679. Accordingly, by its Notice and Substitution, the United State substituted itself as the defendant in place of TFO Bjornberg.

All of Plaintiff's allegations against TFO Bjornberg stem from his employment duties as a DEA Task Force Officer. On the day of the alleged events, TFO Bjornberg was acting in his official capacity as a deputized DEA officer when he assisted in the execution of a search warrant at Mr. Worthington's home.

### Argument

State law -- here, the law of Washington -- dictates whether TFO Bjornberg was acting within the scope of his employment at the time of the relevant events. *See, e.g., Wilson v. Drake*, 87 F.3d 1073, 1076 (9th Cir. 1990). It is Plaintiff's burden, by a preponderance of the evidence, to disprove the United States' Certification. *Pauly v. U.S. Dept. of Ag.*, 348 F.3d 1143, 1151 (9th Cir. 2003). For the reasons discussed below, the United States asserts that the scope of employment certification at issue herein is consistent with applicable Washington case law.

Somewhat surprisingly, there is a relative dearth of Washington case law directly on point. What case law does exist is fact-specific and typically leaves for the jury the

RESPONSE TO PLAINTIFF'S MOTION
IN OPPOSITION TO THE UNITED STATES'
NOTICE OF SUBSTITUION C10-0118- 3

**UNITED STATES ATTORNEY**
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
TEL: 206-553-7970
FAX: 206-553-4073

question of whether a servant was acting within or without scope of his employment. In its most recent pronouncement concerning the issue of the vicarious liability of employers for torts committed by their employees, *Robel v. Roundup Corp.*, 148 Wash.2d 35, 59 P.3d 611 (2002), the Washington Supreme Court, citing the RESTATEMENT (SECOND) OF AGENCY, held:

> An employee's conduct will be outside the scope of employment if it "is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." RESTATEMENT (SECOND) OF AGENCY § 228(2) (1958); *see also* RESTATEMENT, *supra*, § 228(1). This is not to say that an employer will be vicariously liable only where it has specifically authorized an employee to act in an intentionally harmful or negligent manner; likewise, an employer may not insulate itself from vicarious liability merely by adopting a general policy proscribing bad behavior that would otherwise be actionable. The proper inquiry in whether the employee was fulfilling his or her job functions at the time he or she engaged in the injurious conduct.

*Id*. at 53, 59 P.2d at 621. When previously addressing this same issue, the Washington Supreme Court formulated the relevant inquiry thusly:

> [W]hether the employee was, at the time, engaged in the performance of the duties required of him by his contract of employment, *or* by specific direction of his employer; *or*, as sometimes stated, *whether he was engaged at the time in the furtherance of the employer's interest*.

*Dickinson v. Edwards*, 105 Wash.2d 457, 467, 716 P.2d 814, 819 (1986) (emphasis in original) (quoting *Elder v. Cisco Constr. Co.*, 52 Wash.2d 241, 245, 324 P.2d 1082 (1958). Importantly, the Court in *Dickinson* went on to state that, in undertaking the inquiry, "we have emphasized the importance of *the benefit to the employer* in the determination of the scope of employment." *Id*. (Emphasis supplied.)

RESPONSE TO PLAINTIFF'S MOTION
IN OPPOSITION TO THE UNITED STATES'
NOTICE OF SUBSTITUION C10-0118- 4

**UNITED STATES ATTORNEY**
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
TEL: 206-553-7970
FAX: 206-553-4073

While contesting any ultimate liability, the United States has carefully analyzed both (1) the relationship between TFO Bjornberg's allegedly tortious conduct and the particular circumstances of his employment and (2) applicable law regarding *respondeat/superior* liability.  In doing so, the United States has concluded that, notwithstanding the possibility of liability, TFO Bjornberg's conduct *was* within the scope of his employment as a deputized DEA agent.  In fact, at the time of the alleged events, TFO Bjornberg was conducting a search warrant, which is at the core of "fulfilling his [ ] job functions" as a deputized DEA officer.  *Robel*, *supra.*

The allegations in Plaintiff's Complaint support the substitution of the United States' for TFO Bjornberg.  In his Complaint, Plaintiff alleges that on January 12, 2007, Plaintiff's marijuana was seized and during that seizure TFO Bjornberg notified Plaintiff that he was acting as a federal officer.  Plaintiff's Fifth Amended Complaint at ¶ 5 (Dkt. No. 30).  Furthermore, Plaintiff alleges that he "discovered that Fred Bjornberg was a Washington State patrolman cross designated as a federal agent." *Id.* at ¶ 6.

Now, counter to the allegations in his Complaint, Plaintiff argues that TFO Bjornberg was not a deputized DEA officer but rather exclusively a Washington State employee.  The United States does not dispute that TFO Bjornberg was a Washington State employee, but rather asserts that TFO Bjornberg was *also* deputized to work as a DEA task force officer, and was acting as such on the day of the alleged events.

DEA has established a Task Force Program under which narcotics officers from state and local law enforcement agencies are detailed to DEA-lead Task Forces and

RESPONSE TO PLAINTIFF'S MOTION
IN OPPOSITION TO THE UNITED STATES'
NOTICE OF SUBSTITUION C10-0118- 5

**UNITED STATES ATTORNEY**
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
TEL: 206-553-7970
FAX: 206-553-4073

deputized for a period of time pursuant to 21 U.S.C. § 878(a).  Task Force Groups are typically funded through the Office of National Drug Control Policy and are governed by DEA Guidelines and Memoranda of Understanding between DEA and participating state and local law enforcement agencies.  As indicated in the Tahoma Narcotics Enforcement Team Agreement ("TNET Agreement"), the agreement at issue in this case, the parent agencies remain responsible for setting the salary and benefits of officers detailed to DEA-lead Task Forces and for making all payments to such officers.  State a local officers deputized by DEA become federal employees only for the limited purposes specified in 21 U.S.C. § 878(b) and 5 U.S.C. § 3374(c).

      TFO Bjornberg was a sworn Task Force Officer on January 12, 2007, the date of the search and seizure at Plaintiff's home.  The Seattle Field Division of the DEA requested authority to deputize TFO Bjornberg on June 29, 2006.  Ex. A to Stahman Decl.  DEA approved TFO Bjornberg for deputization on October 12, 2006.  Ex. B. to Stahman Decl.  The DEA did not terminate TFO Bjornberg's deputization until January 9, 2008, nearly a full year after the search and seizure at Plaintiff's home.  Ex. C. to Stahman Decl.

      To support his contention that TFO Bjornberg was only a Washington State employee and not a deputized DEA officer, Worthington attaches a 2007 list of Washington State Patrol Employees.  Dkt. No. 37-5.  The United States concedes that TFO Bjornberg was an employee of Washington State.  However, on the day of the

RESPONSE TO PLAINTIFF'S MOTION  
IN OPPOSITION TO THE UNITED STATES'  
NOTICE OF SUBSTITUION C10-0118- 6

**UNITED STATES ATTORNEY**  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101-1271  
TEL: 206-553-7970  
FAX: 206-553-4073

search and seizure of Plaintiff's home, TFO Bjornberg was acting in his capacity as a deputized DEA officer.

Plaintiff further attempts to support his argument that TFO Bjornberg was not a deputized DEA Agent by pointing to the TNET Agreement which indicates that:

> [e]ach agency contributing an employee to the unit will retain that employee as an employee of the contributing agency and will be solely responsible for that employee: such responsibility shall include the employee's salary and benefits, as well as all terms and conditions of employment.

While the TNET agreement specifically indicates that the contributing agency (in this case, the Washington State Patrol) is solely responsible for a deputized officer's pay, benefits and other terms of employment, pursuant to 21 U.S.C. § 878(b) and 5 U.S.C. § 3374(c), a federally deputized state or local law enforcement official is deemed an employee of the relevant agency (in this case the DEA) for some limited purposes, including liability with respect to "the Federal Tort Claims Act and any other Federal tort liability statute." 5 U.S.C. § 3374(c). As a result, in the context of the potential tort liability raised in this case, TFO Bjornberg is properly considered an employee of the DEA.

Worthington's argument that TFO Bjornberg was not acting as the "case agent" during the relevant events does not negate the fact that at the time of the search and seizure TFO Bjornberg was acting as a deputized DEA officer. The declaration Plaintiff cites as proof that TFO Bjornberg was not acting as the case agent, which appears to be a

RESPONSE TO PLAINTIFF'S MOTION
IN OPPOSITION TO THE UNITED STATES'
NOTICE OF SUBSTITUION C10-0118- 7

**UNITED STATES ATTORNEY**
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
TEL: 206-553-7970
FAX: 206-553-4073

declaration submitted by TFO Bjornberg in a related matter, specifically states "DEA investigations each have an assigned "case agent" who is responsible for writing the report for that case. Agents other than the case agent generally do not write reports." Dkt. No. 37-3. This statement only demonstrates that TFO Bjornberg was not the case agent, it does not prove that TFO Bjornberg was not acting as a deputized DEA officer at the time of the investigation of Worthington and the resulting search and seizure.

Plaintiff also argues that TFO Bjornberg could not be acting as a deputized DEA agent because such a situation would be counter to the anti-commandeering doctrine. The anti-commandering doctrine, which prohibits the federal government from commandeering state governments, is not relevant here. This is not a case of Congress commandeering the legislative process of Washington State by "directly compelling [it] to enact and enforce a federal regulatory program." *See New York v. Untied States*, 505 U.S. 144 (1992). Here, the United States has not mandated that Washington State do anything with respect to enforcing federal drug laws, but rather, as set forth in the TNET Agreement, state, local and the federal governments have agreed to cooperatively work towards a common purpose, ridding the community of drugs.

Plaintiff's argument that Mr. Lynch was not at the United States Attorney's Office in 2007, when the search and seizure at Plaintiff's home took place, is not relevant to the accuracy of Mr. Lynch's certification. Pursuant to 28 U.S.C. 2679(c), Mr. Lynch reviewed the relevant pleadings and information provided by the Agency, including the deputization paperwork submitted herein, and certified that at the time of the search and

RESPONSE TO PLAINTIFF'S MOTION
IN OPPOSITION TO THE UNITED STATES'
NOTICE OF SUBSTITUION C10-0118- 8

**UNITED STATES ATTORNEY**
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
TEL: 206-553-7970
FAX: 206-553-4073

seizure of Plaintiff's home, TFO Bjornberg was acting in his official capacity as a deputized DEA officer. It would be impossible for the Attorney General, or those authorized to submit certifications in his place, to have first-hand knowledge of every event relevant to such certifications. For this reason, and consistent with the intent of 28 U.S.C. 2679(c), certifying officials rely on documents submitted by the relevant agency.

Ultimately, there is no evidence that TFO Bjornberg's conduct was "different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the [DEA]." *Robel* at 53. During the course of the search and seizure TFO Bjornberg was acting to benefit the DEA, in fact, TFO Bjorngerg's conduct on January 12, 2007, was at the core of his duties as a deputized DEA officer, he acted to enforce federal drug laws.

Under the circumstances, the United States submits: (1) that it is in a better position than Worthington to assess, in accordance with Washington law, whether and when employee conduct furthers the interests of DEA; (2) that its determination in this case is entirely rational and consistent with the facts presented; and (3) that Worthington, although he may disagree with the United States' determination, has failed to carry his burden of "disproving" the United States' scope of employment certification by a preponderance of the evidence.

RESPONSE TO PLAINTIFF'S MOTION
IN OPPOSITION TO THE UNITED STATES'
NOTICE OF SUBSTITUION C10-0118- 9

**UNITED STATES ATTORNEY**
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
TEL: 206-553-7970
FAX: 206-553-4073

## Conclusion

For the above-stated reasons, the United States urges this Court to conclude, as a matter of Washington law, that TFO Bjornberg was acting within the scope of his employment and in furtherance of the interests of DEA at the time of the events at issue and, accordingly, that the scope of employment certification challenged herein is upheld.

Dated this 29th day of March, 2010.

JENNY A. DURKAN
United States Attorney

*/s/ Kayla C. Stahman*
KAYLA C. STAHMAN
Assistant United States Attorney
Office of the United States Attorney
For the Western District of Washington
700 Stewart Street, Suite 5220
Seattle, WA  98101-1271
Phone:  206-553-7970
Fax:  206-553-4073
E-mail:  kayla.stahman@usdoj.gov

RESPONSE TO PLAINTIFF'S MOTION
IN OPPOSITION TO THE UNITED STATES'
NOTICE OF SUBSTITUION C10-0118- 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
TEL: 206-553-7970
FAX: 206-553-4073

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the United States Attorney Office for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers.

That on March 29, 2010, she electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record for the plaintiff(s):

Allison M. Stanhope:  allisonc@atg.wa.gov
Stewart A. Estes:  sestes@kbmlawyers.com
Mark E. Koontz:  mark.koontz@ci.bremerton.wa.us
Robert L. Christie:  bob@christielawgroup.com
Cheryl F. Carlson:  ccarlson@ci.puyallup.wa.us
Jean P. Homan:  jhoman@ci.tacoma.wa.us
Daniel R. Hamilton:  dhamilt@co.pierce.wa.us

To the person(s) who are non CM/ECF participants, service will be made via U.S. postal service, addressed as follows:

John Worthington
4500 Southeast 2nd Place
Renton, WA 98059

RESPONSE TO PLAINTIFF'S MOTION
IN OPPOSITION TO THE UNITED STATES'
NOTICE OF SUBSTITUION C10-0118- 11

**UNITED STATES ATTORNEY**
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
TEL: 206-553-7970
FAX: 206-553-4073

DATED this 29th day of March, 2010.

*/s/ Brandi Sefton*
BRANDI SEFTON
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone:  206-553-7970
Fax:  206-553-4073
E-mail: brandi.sefton@usdoj.gov

RESPONSE TO PLAINTIFF'S MOTION
IN OPPOSITION TO THE UNITED STATES'
NOTICE OF SUBSTITUION C10-0118- 12

**UNITED STATES ATTORNEY**
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
TEL: 206-553-7970
FAX: 206-553-4073