1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  JOHN WORTHINGTON,                          CASE NO. C10-0118JLR

11              Plaintiff,                      ORDER ON MOTIONS AND
                                                ORDER DISMISSING FIFTH
12       v.                                     AMENDED COMPLAINT

13  WASHINGTON STATE ATTORNEY
    GENERAL'S OFFICE, et al.,
14
                Defendants.
15

16      Plaintiff John Worthington filed a lawsuit against the State of Washington, Pierce

17  County, seven different cities, and multiple individuals.  Mr. Worthington originally filed

    his complaint in King County Superior Court on January 7, 2010; on January 22, 2010,
18
    the matter was removed to this court.  (Dkt. # 7.)  Shortly thereafter, certain Defendants
19
    moved for a more definite statement based on Mr. Worthington's 70-page complaint that
20
    fails to set forth a "short and plain statement" of his claims.  (Dkt. ## 10, 11.)  On March
21
    1, 2010, the court dismissed Mr. Worthington's complaint for failure to meet the
22

ORDER- 1

1    requirements of Rule 8(a) or Rule 11 of the Federal Rules of Civil Procedure.  The court

2    granted Mr. Worthington leave to amend his complaint in accordance with these rules.

3    **A.    Mr. Worthington's Fifth Amended Complaint**

4          On March 3, 2010, Mr. Worthington filed a Fifth Amended Complaint against the

5    Washington State Attorney General's Office; Christine Gregoire; Rob McKenna; the City

6    of Bonney Lake; Michael Mitchell, Bonney Lake Chief of Police; Bonney Lake Police

7    Officers; the City of Bremerton; Craig Rogers, Bremerton Chief of Police; Roy Alloway,

8    Bremerton Police Officer; the City of Port Orchard; Al Townsend, Port Orchard Chief of

9    Police; the City of Poulsbo; Jeff Doran, Poulsbo Chief of Police; the City of Puyallup;

10   Jim Collyer; Robin James, Puyallup Chief of Police; the City of Tacoma; Don Ramsdell,

11   Tacoma Chief of Police, Paul Mielbrecht; Pierce County; Paul Pastor, Pierce County

12   Sheriff; Rick Adamson; State of Washington; the Washington State Patrol; John Batiste,

13   Chief of Washington State Patrol; and Fred Bjornberg.

14         In the introduction to his Fifth Amended Complaint, Mr. Worthington explains his

15   requested relief as:

16         injunctive, declaratory tort relief pursuant to the federal Declaratory
           Judgment Act 28 U.S.C. § 2201, and the Washington State Uniform
17         Declaratory Judgments Act 7.24, directly under the Constitution of the
           Unites [sic] States, and under the laws of the State of Washington ("state
18         law"), for, inter alia, declaratory, temporary, preliminary, and permanent
           injunction relief, and such other and further relief as may be just and proper
19         in accordance with law and equity, from past, current, and threatened
           deprivations of plaintiff's rights under the Constitution and laws of the
20         United States, and laws of State of Washington, by the defendants acting
           individually and in concert to undermine the Washington State medical
21         marijuana law, and deprive the plaintiff of his rights to an affirmative
           defense under the Washington State Medical Marijuana Act RCW
22         69.51A.040.

(Fifth Am. Compl. (Dkt. # 30) at 2.)  Essentially, Mr. Worthington complains about federal drug control agencies cross designating state and local law enforcement to seize medical marijuana.  (*Id.* at ¶ 44.)  Mr. Worthington alleges that, as a result of the cross-designation, when his home was raided sometime in 2007 and six marijuana plants were found, the state agent "stated he was going to leave the plants" while the federal agent declared that he would confiscate the plants for the Drug Enforcement Administration of the United States Department of Justice ("DEA").  (*Id.* at ¶ 49.)  As far as the court can discern, Mr. Worthington brings claims for violation of his Constitutional rights pursuant to "Washington State Seizure Laws"; "Washington State Medical Marijuana law RCW 69.51A"; "RCW 42.30 – Open Public Meetings Act"; and "RCW 4.24.630."  (*Id.* at ¶¶ 54-75.)  For the reasons discussed below, the court dismisses Mr. Worthington's Fifth Amended Complaint for lack of standing.

**B.     Motions Before the Court**

       1.  <u>Mr. Worthington's Motions</u>

       Shortly after Mr. Worthington filed his Fifth Amended Complaint, Defendants moved to dismiss his complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (*See* Dkt. ## 31, 32, 33, 38, 39.)  Mr. Worthington responded to these motions by first requesting that his complaint be remanded to state court (Dkt. # 34) based on his belief that his Fifth Amended Complaint did not state a cause of action under federal law and involved "strictly matters of state law."  (Mot. at 1.)  Mr. Worthington's Fifth Amended Complaint, however, alleges "deprivation of [his]

1 | rights under the Constitution and laws of the United States." The court therefore

2 | DENIES Mr. Worthington's motion to remand (Dkt. # 34).

3 | Mr. Worthington then filed a motion to "Oppose Notice of Substitution of the

4 | Unitsed [sic] States for a Washington State employee Fred Bjornberg filed Tuesday

5 | March 16, 2010." (Dkt. # 37.) The notice of substitution was filed by the United States

6 | Attorney (Dkt. # 36) substituting the United States of America for Defendant Fred

7 | Bjornberg pursuant to 28 U.S. C. § 2679(d)(1). Subsection 2679(d)(1) provides:

8 | Upon certification by the Attorney General that the defendant employee
9 | was acting within the scope of his office or employment at the time of the
  | incident out of which the claim arose, any civil action or proceeding
10 | commenced upon such claim in a United States district court shall be
  | deemed an action against the United States under the provisions of this title
11 | and all references thereto, and the United States shall be substituted as the
  | party defendant.

12 | Phil Lynch of the United States Attorney's Office for the Western District of Washington

13 | filed a certification stating Defendant Fred Bjornberg was an agent of the DEA, and was

14 | acting within the scope of his employment at all times and in all respects relevant to the

15 | common law tort allegations in Mr. Worthington's complaint. The court finds the

16 | certification and substitution valid and DENIES Mr. Worthington's motion to disallow

17 | the substitution (Dkt. # 37).

18 | Next, in lieu of responding to the various motions to dismiss, Mr. Worthington

19 | filed a motion to amend his complaint (Dkt. # 41) and file his Sixth Amended Complaint.

20 | In this motion, Mr. Worthington requests leave to amend his complaint to "incorporate

21 | newly found evidence," *i.e.*, a document which states that Mr. Bjornberg was not a case

22 | agent for DEA and a "West Net Property seizure report showing West Net seized my

ORDER- 4

1    medical marijuana." (Supplemental Declaration of John Worthington (Dkt. # 41-2) at 1-

2    2.) First, proffers of evidence are not required in a motion to amend a pleading. Federal

3    Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim

4    showing that the pleader is entitled to relief"; the rule does not require the production of

5    evidence. Second, the evidence offered by Mr. Worthington does not support his

6    requested amendment. For example, Mr. Bjornberg's declaration states simply that he

7    was not involved in the January 2007 investigation relating to Mr. Worthington's medical

8    marijuana grow operation. The court therefore DENIES Mr. Worthington's motion to

9    amend his complaint to include this evidence (Dkt. # 41).

10           Mr. Worthington then filed a motion to strike the Defendants' motions to dismiss

11   (Dkt. # 42) on the basis that Mr. Bjornberg is a Washington State employee and that

12   United States Attorney Jenny Durkan has an established relationship with Defendant

13   Governor Christine Gregoire, such that the United States Attorney's Office is attempting

14   to portray fraud to the court. (Mot. at 3.) Mr. Worthington also contends that U.S.

15   Attorney Phil Lynch should be tried for perjury. (*Id.*) The court finds Mr. Worthington's

16   allegations baseless, frivolous, and bordering on harassing. Mr. Worthington is entitled

17   to his belief that there is a factual dispute as to Mr. Bjornberg's employment status.

18   Nevertheless, such factual disputes are not resolved in the context of a motion to dismiss

19   and Mr. Worthington gains nothing by attacking the credibility and motivations of the

20   United States Attorney's Office or its lawyers. Accordingly, because the court does not

21   weigh facts on a motion to dismiss, the court DENIES the motion to strike (Dkt. # 42).

22

2.  <u>Defendants' Motions to Dismiss</u>

Having resolved Mr. Worthington's motions, the court turns to Defendants'

motions to dismiss.  Before the court are the following motions filed by Defendants:

motion to dismiss filed by Defendants the City of Bonney Lake, Michael Mitchell, the

City of Puyallup, Jim Collyer, the City of Tacoma, Don Ramsell, the Tacoma Police

Department, Pierce County, and Paul Paster (Dkt. # 31); motion to dismiss filed by the

City of Bremerton, Craig Rogers, and Roy Alloway (Dkt. # 32); motion to dismiss filed

by the City of Port Orchard, Alan Townsend, the City of Poulsbo, and Jeff Doran (Dkt. #

33); motion to dismiss filed by the Washington State Patrol, John Batiste, the State of

Washington, Washington State Attorney General's Office, Christine Gregoire, and Rob

McKenna (Dkt. # 38); and motion to dismiss filed by the United States of America and

Fred Bjornberg (Dkt. # 39).  The court grants Defendants' motions because Mr.

Worthington lacks standing to pursue his alleged claims as he has not shown that there is

a real or immediate threat of future injury and he does not seek redress of any past harm.

When considering a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6), the court construes the complaint in the light most favorable to the non-moving

party.  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir.

2005).  The court must accept all well-pleaded facts as true and draw all reasonable

inferences in favor of the plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys.*, 135 F.3d

658, 661 (9th Cir. 1998).  "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"  *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Article III of the U.S. Constitution limits judicial power to cases or controversies.  In so doing, the provision limits the judicial power to the traditional role of American Courts, "which is to redress or prevent actual or imminently threatened injury to persons caused by private or official violation of law."  *Summers v. Earth Island Inst.*, __ U.S. __, 129 S. Ct. 1142, 1148 (2009).  Mr. Worthington bears the burden of establishing that he has standing to pursue his claims.  *Id.* at 1149 ("The doctrine of standing . . . requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction.") (citations and quotations omitted).

Mr. Worthington's Fifth Amended Complaint does not allege any actual or threatened injury arising from a "violation of law by" Defendants.  Mr. Worthington's requested relief seeks (1) a declaratory judgment for alleged violations of Washington's medical marijuana law; (2) an injunction enjoining the "State, County, and City Defendants" and issuing an order giving "a written 30 day notice to terminate all HIDTA grants, Regional Task Force agreements and Multijurisdictional drug task force interlocal agreements, until these grants and contracts can be properly written to remove the

conflict with the Washington State medical marijuana law." (Fifth Am. Compl. ¶ 77.)
Mr. Worthington also seeks an "[a]ward appropriate Special and General compensatory
damages for the Defendant's failure to abide by the Washington State medical marijuana
Act." (*Id.* at ¶ 79.) Mr. Worthington seeks the court's intervention in what is a
legislative matter. Except when necessary in the execution of the court's function to
"redress or prevent actual or imminently threatened injury to persons . . . , Courts have no
charter to review and revise legislative and executive action." *Summers*, 129 S. Ct. at
1148 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992)).

Moreover, when the damage asserted is based on a "'generalized grievance,'
shared in substantially equal measure by all or a large class of citizens, that harm alone
normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 522 U.S. 490, 498-
99 (1975). Indeed, even where a plaintiff can satisfy the "case or controversy"
requirement, "the plaintiff must generally assert his own legal rights and interest, and
cannot rest his claim to relief on the legal rights or interest of third parties." *Id.* Even if
Mr. Worthington could show an entitlement to damages from the alleged raids and
confiscation of his and Mr. Sarich's plants – which he does not seek in his complaint – a
past history of wrongs or past exposure to illegal conduct does not "itself show a present
case or controversy regarding injunctive relief." *Id.*

Because Mr. Worthington does not request actual damages nor does he show a
"real and immediate" threat of future constitutional injury, the court GRANTS
Defendants' motions to dismiss (Dkt. ## 31, 32, 33, 38, 39) and DISMISSES his Fifth
Amended Complaint without leave to amend. *See De Los Reyes v. Sw. Gas Corp.,* 319

1  Fed. Appx. 639, 641 (9th Cir. 2009) (dismissing complaint without leave to amend

2  because it was clear that the deficiencies of the complaint could not be cured by

3  amendment).

4          Dated this 19th day of April, 2010.

5

6

7  _____

   JAMES L. ROBART
8  United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 9